CREECH v. HUDSPETH, Warden.

No. 2063.

Circuit Court of Appeals, Tenth Circuit.

May 28, 1940.

604

Terrell C. Drinkwater, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

On June 18, 1935, an indictment containing four counts was returned against petitioner and three others in the District Court of the United States for the Western District of Louisiana. The first count charged violations of 18 U.S.C.A. § 88. The remaining counts charged violations of 18 U.S.C.A. § 338.

Petitioner was tried and found guilty on each count of the indictment. On count one he was sentenced to serve a term of imprisonment of two years, on count two a term of imprisonment of five years, to run consecutively with the sentence on count one, and on counts three and four imposition of sentences was suspended for a period of five years and petitioner was placed on probation.

In his application for the writ, petitioner alleged that the several counts in the indictment do not charge public offenses under Federal law in that it affirmatively appears that the scheme to defraud was consummated before there was any use of the mails and the mails were not used to execute the scheme, and in that counts two, three, and four do not allege that petitioner ever placed in the Post Office establishment or received therefrom any letter or other writing in connection with the scheme to defraud.

Section 88, supra, reads as follows:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,000, or imprisoned not more than two years, or both."

Section 338, supra, in part reads as follows:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, * * * shall, for the purpose of executing such scheme or artifice or attempting so to do, place, or cause to be placed, any letter, * * * writing, * * * in any post office, * * * to be sent or delivered by the post office establishment of the United States, * * * or shall knowingly cause to be delivered by mail according to the direction thereon, * * * any such letter, * * * writing, * * * shall be fined not more than $1,000, or imprisoned not more than five years, or both."

Count one charged that petitioner and his codefendants entered into a conspiracy, which continued from January 1, 1935, to June 18, 1935, to violate 18 U.S.C.A. § 338, in that they conspired together to defraud certain named persons, and other persons to the grand jurors unknown, by means of a fraudulent scheme and artifice which was to be executed by causing letters, assignments, and other writings to be placed in

post offices of the United States to be sent and delivered by the Post Office establishment of the United States, and by causing certain letters, recorded assignments, and other writings to be delivered by mail according to the direction thereon to the persons to be defrauded; and that certain overt acts, described therein, were done in furtherance of and to execute the conspiracy.

Count one also alleged the scheme and device to defraud with particularity.

Counts two, three, and four each alleged that petitioner and his codefendants did devise a scheme and artifice to defraud. Count two alleged the scheme with particularity and counts three and four alleged the same scheme by reference to count two. Count two further alleged that petitioner and his codefendants "for the purpose of executing such scheme and artifice to defraud" did "cause to be delivered by mail by the Post Office Department of the United States at Shreveport, Louisiana, according to the direction thereon, to the person to whom it was addressed, a certain letter, recorded assignment of an oil and gas lease, and other writing, addressed to the said T. F. Alexander, Shreveport, Louisiana, which had theretofore been mailed to the said T. F. Alexander by the County Clerk of Culberson County, Van Horn, Texas."

Count three alleged that petitioner and his codefendants on May 26, 1935, for the purpose of executing such scheme and artifice to defraud did cause to be delivered by mail by the Post Office Department, according to the direction thereon, a certain letter, recorded assignment of an oil and gas lease, and other writing. Count four alleged that petitioner and his codefendants on March 22, 1935, for the purpose of executing such scheme and artifice to defraud did cause to be delivered by mail by the Post Office Department, according to the direction thereon, a certain letter, recorded assignment of an oil and gas lease, and other writing.

The scheme and artifice to defraud was alleged in count two to have been devised and carried out as follows: That the defendants for a nominal consideration would and did obtain oil and gas leases in wildcat territory in Culberson County, Texas, taking the leases in an assumed name of one of the defendants; that the defendants would and did represent to the person to be defrauded that the defendant, in whose assumed name a lease had been taken, was the owner of such lease and that it was very valuable; that certain of the defendants represented a financially responsible oil company which had furnished them with a large sum of money to purchase such lease; that it could be purchased for a sum far less than the oil company was willing to pay if the purchase could be effected without the owner being aware that the oil company was interested in it; that the defendants, claiming to represent such oil company, would divide with the person to be defrauded the difference between what he would have to pay the owner for the lease and what the oil company would pay therefor, provided the person to be defrauded would purchase the lease, record the assignment thereof, and then assign the lease to the oil company; that after the interest of the person to be defrauded was aroused, the defendants would and did represent to the person to be defrauded that they did not have sufficient funds to pay the owner for such lease and if the person to be defrauded would furnish the necessary additional money, upon the return of the assignment by the county clerk of the county wherein the lands covered by the lease were situated, and upon the assignment of the lease by the person to be defrauded to the oil company, they would return the money advanced and pay him a large profit on the transaction.

Count two further charged that the lease was worth approximately only one-twelfth of the amount to be paid to the owner therefor and that such representations so to be made and made to the persons to be defrauded were false and untrue.

Substantially the same false and fraudulent scheme was alleged in count one.

█ █ It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced sentence, may not be raised on habeas corpus. Hence, on habeas corpus the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction.[1]

[1] Moore v. Aderhold, 10 Cir., 108 F.2d 729, 731; Garrison v. Hudspeth, 10 Cir., 108 F. 2d 733, 734; Knight v. Hudspeth, 10 Cir., 112 F.2d 137.

■ If there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus.[2]

■ Here, the offense which each count of the indictment attempts to charge is neither colorless nor an impossible one under the law. Count one undertook to charge an offense under § 88, supra, and counts two, three, and four undertook to charge offenses under § 338, supra. The trial court had jurisdiction over such offenses and over the person of the petitioner. It was for it to determine the elements of the offenses sought to be charged, the construction to be put on the several counts of the indictment, and their sufficiency. If it erred in determining those matters, its judgment was not for that reason void.[3]

■ Furthermore, petitioner overlooks that the use of the mails may consist of knowingly causing to be delivered by mail a letter or writing, according to the direction thereon, and counts two, three, and four each charges that for the purpose of executing such scheme and artifice to defraud, petitioner and his codefendants caused to be delivered by the Post Office Department of the United States, according to the direction thereon, to a person to whom it was addressed, a certain letter, recorded assignment of an oil and gas lease, and other writing.

We do not think the allegations of the indictment affirmatively show the scheme was fully consummated when the money was paid over by the person to be defrauded, or that they refute the specific allegations in counts two, three, and four that the mails were used to execute the scheme, and we must conclusively presume in this proceeding that those allegations were sustained by the proof.[4]

■ Moreover, the scheme contemplated the defrauding of a number of persons. A period of time for its consummation was essential. The forwarding of the assignments by mail from Louisiana to the county clerk in Texas, the recording and the return thereof by mail by the county clerk to the person to be defrauded, effected a lapse of time during which the person to be defrauded was kept free from suspicion and this gave an opportunity to perpetrate the scheme on others. The use of the mails not only contributed to the execution of the scheme as against each particular person defrauded, but also aided in its subsequent execution against others. See Brady v. United States, 9 Cir., 26 F.2d 400, 401.

■ The fact that the clerk who actually mailed the letter, assignment, and other writing was innocent is not material, so long as the use of the mails was caused by petitioner and his codefendants. Tincher v. United States, 4 Cir., 11 F.2d 18, 21.

We conclude that the writ was properly denied.

The judgment is affirmed.

[2] Aderhold v. Hugart, 5 Cir., 67 F.2d 247, 248;

Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541, 543;

Knight v. Hudspeth, supra.

[3] Aderhold v. Hugart, supra;

Knight v. Hudspeth, supra;

Goto v. Lane, 265 U.S. 393, 402, 44 S. Ct. 525, 68 L.Ed. 1070;

Knewel v. Egan, 268 U.S. 442, 445, 446, 45 S.Ct. 522, 69 L.Ed. 1036;

In re Coy, 127 U.S. 731, 756, 757, 8 S.Ct. 1263, 32 L.Ed. 274;

Ex parte Watkins, 3 Pet. 193, 28 U.S. 193, 203, 7 L.Ed. 650;

Ex parte Parks, 93 U.S. 18, 20, 23 L. Ed. 787;

Ex parte Yarbrough, 110 U.S. 651, 654, 4 S.Ct. 152, 28 L.Ed. 274.

[4] Moore v. Aderhold, 10 Cir., 108 F.2d 729, 731;

Garrison v. Hudspeth, 10 Cir., 108 F. 2d 733;

Reger v. Hudspeth, 10 Cir., 103 F.2d 825, 827;

Norton v. Zerbst, 10 Cir., 83 F.2d 677, 678, certiorari denied, 299 U.S. 541, 57 S.Ct. 24, 81 L.Ed. 398.