## HASTINGS v. HUDSPETH.
### No. 2400.

Circuit Court of Appeals, Tenth Circuit.
Feb. 26, 1942.

Andrew R. Hastings, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

Hastings, hereinafter referred to as the petitioner, was charged by an indictment returned December 12, 1939, in the District Court of the United States for the District of Nebraska, with a violation of 18 U.S.C. A. § 338. On June 4, 1940, at petitioner's request, the court appointed John Berger, Esq., attorney for petitioner. Thereafter, on the same day, petitioner was arraigned and entered a plea of not guilty. On July 3, 1940, petitioner appeared in person and by his counsel and withdrew his plea of not guilty and entered a plea of guilty. On July 11, 1940, he was sentenced to a term of imprisonment of four years in an institution of the penitentiary type to be designated by the Attorney General. Commitment duly issued and petitioner was delivered into the custody of Hudspeth, Warden.

The indictment charged that petitioner devised a scheme to defraud by obtaining money from one Joseph O'Rourke, of Omaha, Nebraska, South Omaha Savings Bank, Stock Yards National Bank of Omaha, and the Hibernia National Bank of New Orleans, Louisiana, and other persons and corporations to the grand jurors unknown, by inducing them to accept and pay money on forged checks by means of false and fraudulent pretenses and representations; that petitioner planned and schemed that he would travel from place to place and defraud such persons and corporations as he could induce to cash or endorse false and forged checks drawn on banks situated in distant places; that he would represent to such persons and corporations to be defrauded that such checks were genuine, and upon receiving money thereon, in order to avoid apprehension and in order that he might continue the promotion of his scheme, would move on to another city before it could be ascertained that such checks were forged and false; that as a part of such scheme, petitioner planned and schemed that he would write a false and forged check drawn on the Hibernia National Bank of New Orleans, Louisiana; that he

would, without authority, sign on the check a forged name as drawer; that he would represent to O'Rourke that the check was genuine and that he was the payee thereof, and induce O'Rourke to endorse the check and identify him as the payee thereof at some bank, and thereby cause the bank to advance money thereon; that in truth and in fact, there was no such drawer nor deposit; that on June 12, 1939, petitioner, for the purpose of executing such scheme, caused the Federal Reserve Bank of Kansas City, through its Omaha branch, to place and cause to be placed in the Post Office at Omaha, to be sent and delivered by the Post Office establishment to the addressee thereof, the above-mentioned check enclosed in an envelope with prepaid postage thereon, addressed to the Federal Reserve Bank, New Orleans, Louisiana.

Petitioner contends that the indictment did not charge a federal offense, that the Federal Court for the Nebraska District did not have jurisdiction of the offense, and that the sentence was void.

It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced sentence, may not be raised on habeas corpus. Hence, on habeas corpus the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction.[1]

If there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus.[2]

Here, the offense which the indictment attempted to charge is neither colorless nor an impossible one under the law. The trial court had jurisdiction over such offense and over the person of the petitioner. It was for it to determine the elements of the offense sought to be charged, the construction to be placed on the indictment, and its sufficiency. If it erred in determining those matters, its judgment was not for that reason void.[3]

We do not think the allegations of the indictment affirmatively show the continuing scheme was fully consummated when the money was paid over by the bank in Omaha or refute the specific allegations of the indictment that the mails were used to execute the scheme. Moreover, the scheme was a continuing one and contemplated the defrauding of a number of persons. The forwarding of the check for collection by mail from Nebraska to Louisiana effected a lapse of time during which the Omaha bank and O'Rourke were kept free from suspicion. This gave petitioner an opportunity to avoid detection and arrest and to perpetrate the scheme on others. The use of the mails, therefore, contributed to the execution of the scheme as against O'Rourke and the Omaha bank and aided in its subsequent execution against others.[4]

The allegation in the application for the writ that petitioner did not cause the check to be sent through the mails cannot stand against the affirmative allegation of the indictment to the contrary, which the petitioner admitted by his plea of guilty thereto.

The judgment is affirmed.

---

1 Creech v. Hudspeth, 10 Cir., 112 F. 2d 603, 605; Knight v. Hudspeth, 10 Cir., 112 F.2d 137, 139.

2 Knight v. Hudspeth, 10 Cir., 112 F. 2d 137, 139; Creech v. Hudspeth, 10 Cir., 112 F.2d 603, 606.

3 Creech v. Hudspeth, 10 Cir., 112 F. 2d 603, 606; Aderhold v. Hugart, 5 Cir., 67 F.2d 247; Goto v. Lane, 265 U. S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070; Knewel v. Egan, 268 U.S. 442, 445, 446, 45 S.Ct. 522, 69 L.Ed. 1036.

4 Creech v. Hudspeth, 10 Cir., 112 F. 2d 603, 606; Brady v. United States, 9 Cir., 26 F.2d 400, 401.