**BAUMAN v. HUNTER, Warden.**

No. 3130.

Circuit Court of Appeals, Tenth Circuit.

June 25, 1945.

Rehearing Denied Sept. 8, 1945.

Howard F. McCue, of Topeka, Kan., for appellant.

Randolph Carpenter, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

This is an appeal from an order denying an application for a writ of habeas corpus.

Carl Sidney Bauman, Jr., hereinafter referred to as petitioner, was charged by indictment returned on February 28, 1939, containing four counts, in the district court of the United States for the Western District of Louisiana, with violation of 18 U.S.C.A. § 338. On February 15, 1943, the petitioner appeared represented by his attorney, Welborn Jack, and being duly arraigned pleaded guilty, and the case was referred to the Probation Officer for presentence investigation and report.

On May 4, 1943, the petitioner being present in court, the Probation Officer made his report and the court ordered that petitioner serve five years on the first count in an institution of the penitentiary type to be designated by the Attorney General and on the remaining counts imposition of sentence was suspended.

Count one charged that petitioner did devise and intend to devise a scheme and artifice to defraud the Enochs-Kinney Refrigeration Company, the Amarillo National Bank, Amarillo, Texas, the Washington-Youree Hotel, at Shreveport, La., the Bentley Hotel, at Alexandria, La., and other corporations and persons to the grand jurors unknown, and for obtaining money from such persons by means of false and fraudulent pretenses, representations, and promises, and that such scheme and such pretenses, representations, and promises were in substance: That petitioner would pretend and represent that he was in the employ of such Refrigeration Company as an air conditioning engineer; that he would falsely assume and use the fictitious names of Miller Dowling and A. M. Hunt and other fictitious names; that he would draw checks on such bank, for various amounts, and would forge the name of Ed Enochs, President of the Refrigeration Company, thereto, and would write in one of such fictitious names as the payee therein; and would prevail upon one of such hotels or other persons to be defrauded to cash such checks.

It further alleged that on October 8, 1938, at Shreveport, La., the petitioner having devised such scheme and artifice to defraud, for the purpose of executing same and attempting so to do, did cause to be placed in the United States Post Office at Shreveport, to be sent and delivered by the Post Office establishment, a letter and one of such checks so drawn by the petitioner, contained in an envelop, duly stamped, and addressed to the Dallas Branch of the Federal Reserve Bank, of Dallas, Texas.

450

■ Thus, it will be seen that the ·scheme was a continuing one.

Hastings v. Hudspeth, 10 Cir., 126 F.2d 194, is in point as to denying the writ of habeas corpus. That case rules this case. The indictment at least apparently attempts to charge a federal offense and the court has jurisdiction over the offense and over the person of the accused and as to the sufficiency of the indictment it is not open to challenge on habeas corpus. The authorities supporting these propositions are cited in the footnotes in that case.

In United States v. Kenofskey, 243 U.S. 440, 37 S.Ct. 438, 439, 61 L.Ed. 836, with reference to Sec. 215 of the Criminal Code, which is Sec. 338 of Tit. 18 U.S.C.A., it is said:

"The words of § 215 are *place, or cause to be placed* (italics ours) any letter, * * * package, writing * * * in any postoffice, * * * to be sent or delivered. * * *'

" 'Cause' is a word of very broad import and its meaning is generally known. It is used in the section in its well-known sense of bringing about, and in such sense it is applicable to the conduct of Kenofskey. He deliberately calculated the effect of giving the false proofs to his superior officer; and the effect followed, demonstrating the efficacy of his selection of means. It certainly cannot be said that the superintendent received authority from the insurance company to transmit to it false proofs.

He became Kenofskey's agent for that purpose and the means by which he offended against the provisions of the statute. * * *

"We do not think the scheme ended when Kenofskey handed the false proofs to his superior officer. As said by the Assistant Attorney General: 'The most vital· element in the transaction both to the insurance company and to Kenofskey remained yet to become an actuality, i.e., the payment and receipt of money; * * *.' Such payment and receipt would indeed have executed the scheme, but they would not have served to 'trammel up the consequence' of the fraudulent use of the mails."

See also: Hart v. United States, 5 Cir., 112 F.2d 128, certiorari denied 311 U.S. 684, 61 S.Ct. 60, 85 L.Ed. 441.

The judgment should be and is affirmed.