**UNITED STATES v. BAUMAN.**

No. 9215.

District Court, W. D. Louisiana, Shreveport Division.

Nov. 19, 1945.

M. E. Lafargue, U. S. Atty., of Shreveport, La., for plaintiff.

Wellborn Jack, of Shreveport, La., and Howard F. McCue, of Topeka, Kan., for defendant.

DAWKINS, District Judge.

Defendant was charged in an indictment consisting of four counts returned on February 28, 1939, with the crime of using the mails in furtherance of a scheme to defraud in violation of section 215 of the Penal Code, Sec. 338, T.18 U.S.C.A. When arraigned, accompanied by his counsel, he entered a plea of guilty to all counts. A sentence of five years on the first count was imposed and the imposition of sentence suspended on the remaining three counts, judgment having been signed May 4, 1943.

Many months later, defendant sought release from the Federal Penitentiary at Leavenworth, Kansas, by writ of habeas corpus *on the ground that this court, on*

*the face of the indictment, was without jurisdiction.* His application was denied by the District Court and that ruling was affirmed by the Court of Appeals for the Tenth Circuit, Kansas. Bauman v. Hunter, Warden, 150 F.2d 449.

The ground alleged here "to vacate the judgment and commitment" in the application filed on September 11, 1945, was that this court was without jurisdiction, for the reason that the indictment failed "to charge an offense under the mail fraud statute * * * for the reason that it appears on the face of the indictment that the alleged fraudulent scheme and complaint had reached fruition prior to any use of the U. S. mail." The substance of the allegations of the indictment is fully set forth in the opinion of the Court of Appeals, supra, and will not be repeated here.

■■■ The issue of this court's jurisdiction has already been submitted to and decided adversely to the applicant's contention by the Federal District and Appellate Courts of Kansas, in a proceeding in which Bauman was a party, and it would seem that he is bound thereby unless reversed by the Supreme Court. If this court had jurisdiction in the first instance, then the remedy was by appeal. Had the defendant gone to trial the prosecution could probably have shown, just as stated by the court in Hastings v. Hudspeth, 10 Cir., 126 F.2d 194, that Bauman's scheme included the purpose to take advantage of the time element necessary to discover that the checks purportedly drawn by the Enochs-Kinney Refrigeration Co., of Amarillo, Texas, on the Amarillo National Bank of that city in favor of the fictitious names he assumed were forgeries, to move on to other places and commit the same frauds on other persons. It might also have been able to show that Bauman was sufficiently successful in forging the name of Enochs as president, that the said bank would honor the checks and not discover the fraud until Enochs-Kinney Refrigeration Co., in checking its returned vouchers, found them. Had demurrers been filed to the indictment, the prosecution might have been required to furnish a bill of particulars, which would have shown more in detail the extent to which Bauman went to imitate Enochs' signature, in order to lessen the chances of discovery of the forgery, thereby giving him more time to impose upon subsequent victims. It must be remembered that the case of Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88, 157 A.L.R. 406, was by a sharply divided court of 5 to 4, with vigorous dissenting opinions. The defrauding of stockholders of Triumph Explosives, Inc. was an indirect and remote consequence of the formation by officers and directors of another corporation, Elks Mills Loading Co., so that they might be paid larger salaries, profits, etc., out of operations of the latter than was permissible under the arrangement by Triumph with its bank. The Court emphasized the fact that what was done was known to the bank and others interested in Triumph and that there was a grave question as to whether there existed any real intention to defraud.

The case of Dyhre v. Hudspeth, 106 F.2d 286, was by the same court (Tenth Circuit, Kansas) which rejected the relief sought by this applicant through habeas corpus as stated above. In Stapp v. United States, 5 Cir., 120 F.2d 898, the victim had himself obtained a letter of credit and when the scheme came to completion, used the same to have the bank at Paul's Valley, Okla., cash his own check for the amount, which was paid to the accused in that case at the time of cashing. The check was sent by the bank with a letter of credit to another bank in Fort Worth, Texas, *by express,* but the latter saw fit to forward it to the bank in Tyler, Texas, on which it was drawn by U. S. mail. The check was honored as the victim in that case had the money necessary to meet it on deposit. The circumstances thus disclosed were quite different from the present case.

The circumstances in Mitchell v. United States, 10 Cir., 118 F.2d 653, 654, were that a fraudulent scheme was completed and the victim had paid her money to the schemer before the mails were used; and then only to send the deed through which the fraud was accomplished to the county in which the land involved was located for the purpose of recordation. The case involved a direct appeal from a judgment of conviction, and not the extraordinary

relief by habeas corpus or a proceeding such as is sought here, more than two years after a plea of guilty. However, in that case the court was careful to say: "But it must be kept in mind that the indictment did not undertake to charge in any form a general *continuing* scheme to defraud various persons * * * and the use of the mails during its life. Neither did it charge a continuing conspiracy to use the mails to promote such a scheme. Instead, it charged a specific scheme for the exclusive purpose of defrauding only *one person* out of money and property, *and the proof* showed a scheme to defraud her out of a definite sum of money." (Emphasis by the writer.)

As stated above, had the case gone on trial "the proof" might and probably would have shown a *"continuing* to defraud various persons."

The application to vacate the judgment and sentence should be denied.

Proper decree should be presented.