## TAYLOR v. UNITED STATES.
### No. 5970.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1949.

Decided Oct. 4, 1949.

Richard Alfred Taylor, pro se, on brief.

Robert N. Pollard, Jr., Asst. U. S. Atty., Richmond, Va. (George R. Humrickhouse, U. S. Atty., Richmond, Va., on brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion made under 28 U.S.C.A. § 2255 to vacate and set aside a sentence of imprisonment. Defendant was indicted for violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. §§ 2311–2313, and, after a plea of not guilty, was duly convicted by a jury. He was represented by counsel at his trial; and there is nothing to indicate that he was denied any constitutional rights or that the sentence imposed upon him was invalid or subject to collateral attack for any reason whatsoever. He did not appeal from the sentence, but months later made a motion to set it aside on the ground that the evidence against him did not warrant his conviction. This he may not do. As we said in Birtch v. United States, 4 Cir., 173 F.2d 316, 317: "It

is true of motions made under this section, as we held of motions in the nature of applications for writs of error coram nobis under the prior practice in the appeal before us, that they 'may not be used to review the proceedings of the trial as upon appeal or writ of error, but merely to test their validity when judged upon the face of the record or by constitutional standards.'" See also Howell v. United States, 4 Cir., 1949, 172 F.2d 213, and Crowe v. United States, 4 Cir., 175 F.2d 799.

 Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus.

Affirmed.