## PULLIAM v. UNITED STATES.

### No. 3964.

United States Court of Appeals
Tenth Circuit.

Dec. 22, 1949.

Harry Gillig, Jr., Wichita, Kan., for appellant.

Haskell B. Pugh, Asst. U. S. Atty., Oklahoma City, Okl. (Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order denying a motion filed under 28 U.S.C.A. § 2255 to vacate a sentence of imprisonment.

Pulliam and another were charged by indictment containing two counts with violations of 12 U.S.C.A. § 588b(a) [now 18 U.S.C.A. § 2113]. Each count alleged that the bank, which was a state bank at the time of the offense, was a member of the Fedearl Deposit Insurance Corporation under Certificate No. 11526. Neither count directly alleged that the bank was an insured bank as defined in 12 U.S.C.A. § 264(c).

Pulliam appeared in person and with counsel of his own choice and entered a plea of guilty. He was sentenced to imprisonment for a term of ten years on the first count and on the second count imposition of sentence was suspended and he was placed on probation for a period of five years, to commence upon the expiration of the sentence of imprisonment imposed on the first count.

Section 2255, supra, does not give a prisoner the right to obtain a review, first by the court which imposed the sentence and then on appeal from a denial of a motion to vacate, of errors of fact or law that must be raised by timely appeal. It does not enlarge the class of attacks which may be made upon a judgment of conviction, but provides that the attack must be made in the court where the sentence was imposed and not in some other court through resort to habeas corpus, unless it appears that the remedy by motion is inadequate. While the nature of the attack is direct, the grounds therefor are limited to matters that may be raised by collateral attack. It is only where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack that a motion to vacate will lie under such section.[1]

On a motion to vacate a sentence under § 2255, supra, the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction. If there is a Federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the indictment is not vulnerable to collateral attack.[2] Here, the two counts of the indictment undertook to charge a Federal offense and they were sufficient to give the court jurisdiction of the subject matter.

Moreover, it has been held that an indictment under 12 U.S.C.A. § 588b(a) is sufficient although it does not directly charge that the bank was an insured bank as defined in 12 U.S.C.A. § 264(c), but charges that element of the offense only indirectly by alleging that the bank was a member of the Federal Deposit Insurance Corporation.[3]

Pulliam has filed a motion in which he alleges that he did not, in fact, plead guilty to the second count of the indictment and that the record below so shows. If that be true, his remedy is to file a motion to set aside the order of probation.

Affirmed.

1. Hurst v. United States (Doll v. United States) 10 Cir., 177 F.2d 894; Hahn v. United States, 10 Cir., 178 F.2d 11.

2. Knight v. Hudspeth, 10 Cir., 112 F.2d 137, 139; Creech v. Hudspeth, 10 Cir., 112 F.2d 603, 605; Hastings v. Hudspeth, 10 Cir., 126 F.2d 194, 196; Welch v. Hudspeth, 10 Cir., 132 F.2d 434, 435; Tilghman v. Hunter, 10 Cir., 167 F.2d 661, 662.

3. See Hewitt v. United States, 8 Cir., 110 F.2d 1, 5; Bayless v. United States, 8 Cir., 147 F.2d 169, 170.