**HUDSPETH et al. v. UNITED STATES.**

**No. 11086.**

United States Court of Appeals
Sixth Circuit.

June 2, 1950.

Richard F. Langenbeck, Cincinnati, Ohio, for appellants.

David C. Walls, Louisville, Ky., for appellee.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

———◇———

PER CURIAM.

Upon an appeal from an order denying a petition for the vacation of a sentence under Title 28 U.S.C.A. § 2255, it appears that the appellants were sentenced for violation of a bank robbery statute, Title 12 U.S.C.A. § 588(b).[1] The indictment contained two counts in pursuance of subsections (a) and (b) and the appellants were sentenced for the term provided by subsection (b).

 The ground for the petition and principal basis for the appeal is that the second count in the indictment failed to allege criminal intent. The argument is without merit. Since both subsections define but a single offense and subsection (b) merely provides for greater punishment for the crime in its aggravated form, they must be read together. So likewise must the counts of the indictment. So viewed the indictment sufficiently, in its first count, contains the essential allegation of intent.

 Moreover, § 2255 of the Judicial Code provides a remedy co-extensive with habeas corpus and so errors of fact or law at the trial may not thereunder be raised if the court has jurisdiction. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under that section. Davilman v. U. S., 6 Cir., 180 F.2d 284, 286; Taylor v. U. S., 4 Cir., 177 F.2d 194.

The judgment below is affirmed.

1. Now 18 U.S.C.A. § 2113.