## HASTINGS et al. v. UNITED STATES.
### No. 12583.

United States Court of Appeals
Ninth Circuit.
Oct. 25, 1950.

Fred Botts, Assistant U. S. Atty., Miami, Fla., Herbert S. Phillips, U. S. Atty., Tampa, Fla., Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., for appellant.

Glenn Bludworth, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

Merle D. Cohn, Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., Vaughn Evans, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, and HEALY and POPE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment in a proceeding under 28 U.S.C.A. § 2255, denying appellants' motion to vacate a judgment sentencing them to a confinement for two years for the possession of a sawed-off shotgun, a "firearm" which had not been registered, in violation of 26 U.S.C.A. § 3261: The ground of the motion as urged here is that the verdict of guilty is without evidence to support it and that the trial judge gave an erroneous instruction. There was no appeal from the judgment of conviction and what appellants seek in this § 2255 proceeding is a retrial of their case.

[1-4] A proceeding under § 2255 is intended as a substitute for habeas corpus. The contentions here urged would not be considered in a habeas corpus proceeding. We agree with the opinion of the Fourth Circuit in Taylor v. United States, 4 Cir., 177 F.2d 194, which states, at page 195, "Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus."

The judgment is affirmed.