**CROW v. UNITED STATES.**

No. 12478.

United States Court of Appeals,
Ninth Circuit.

Dec. 20, 1950.

John R. McDonough, Jr., San Francisco, Cal., for appellant.

Ernest A. Tolin, U. S. Atty., Norman Neukom, and Ray M. Steele, Assts., Los Angeles, Cal., for appellee.

Before ORR, Circuit Judge, and BOWEN and LEMMON, District Judges.

LEMMON, District Judge.

Appellant moved the trial court, pursuant to Section 2255 of Title 28 U.S.C.A., to vacate a sentence of imprisonment for the period of one year imposed after his plea of guilty to a charge of violation of the Dyer Act, Section 408[1] of Title 18 U. S.C. (1946 Edition). He appeals from an order denying the motion.

Service of the sentence which he attacks in this proceeding has not begun. He is presently serving a five year sentence imposed in another case. That sentence he does not question. The one year sentence is to begin at the expiration of the five year sentence. This posture of the case raises the question as to whether his motion is premature.

The portions of Section 2255 pertinent to the problem read: "A prisoner *in custody under sentence* of a court established by Act of Congress claiming the right to be released upon the ground that *the* sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose *such* sentence, or that *the* sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed *the* sentence to vacate, set aside or correct *the* sentence.

"A motion for such relief may be made at any time." (Emphasis supplied.)

Appellant argues that the one-sentence second paragraph above controls and renders his motion timely. He argues that if there be ambiguity in the two paragraphs when considered together, Congress must have intended that the motion for relief thereunder be available to the aggrieved prisoner without restriction as to time, and that "at any time" should be given its literal meaning. We are not persuaded by this reasoning. The words "at any time" must be read in connection with the related words and clauses which precede it. To avail himself of the remedy, the prisoner must be "in custody under sentence" claiming "the sentence" was imposed in violation of the Constitution or laws of the United States, or that the court was powerless to impose "such sentence", or that "the sentence" was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. Upon such grounds he may move the court which imposed the sentence to vacate, set aside or correct "the sentence". The words "at any time" are controlled by these quoted words and it is apparent that "at any time" means at any time the prisoner is in custody under the sentence which he attacks.

The objectives of the remedial legislation under which the motion was brought have been discussed in the cases. They are succinctly stated by Chief Judge Phillips of the Tenth Circuit in these words, "Prior to the enactment of § 2255, a practice had grown up on the part of prisoners, when their first application for a writ of habeas corpus had been denied, to file successive applications for the writ on the same or slightly different grounds and to prosecute appeals from their denial. * * * In a great many habeas corpus proceedings, the legality of the detention could only be determined upon an examination of the records and files in the sentencing court, and after the taking of testimony of officials of such court and other witnesses who generally resided in the vicinity of the sentencing court. The object and purpose of § 2255

---

1. 1948 Revised Criminal Code, 18 U.S.C.A. §§ 2311-2313.

was to afford a prisoner the right to make a direct attack on the legality of his detention on any of the grounds for collateral attack enumerated in the third paragraph of such section, Pulliam v. United States, 10 Cir., 178 F.2d 777, that arose at, or prior to the time of the imposition of sentence. It was intended to provide a prisoner, in custody under sentence of a court established by an Act of Congress, an exclusive remedy for determining the legality of his detention in the court which imposed the sentence, where the matter could most readily and conveniently be heard, and to make the final determination with respect to the legality of such detention conclusive, except in cases where the remedy thus provided was inadequate or ineffective to test the legality of such detention. Martin v. Hiatt, 5 Cir., 174 F.2d 350, 352."[2]

■■■ If appellant's position were sustained, the proceeding under the section could be invoked to set aside sentences served as well as sentences to be served in the future. Since the motion under Section 2255 was designed to provide a direct attack in place of collateral attack under habeas corpus, it is logical to conclude that the intent of Congress was to limit the scope of relief under it to that on habeas corpus.[3] Relief under habeas corpus is limited to release from present detention. It is not available to test the legality of threatened detention. It does not lie to secure a judicial decision which, even if determined in the prisoner's favor, would not result in his immediate release.[4]

■■ A prisoner serving the first of two consecutive sentences is not serving the second sentence.[5]

It was not the aim of the proposers of section 2255 to increase the heavy burdens of District Courts obliged to entertain petitions filed by convicted persons collaterally attacking federal court judgments under which they were imprisoned. The purpose was just the opposite. Any interpretation of these sections which has the effect of enlarging those burdens should be avoided unless the legislative intent to do so can be discerned.

■■■ Section 2255 does not extend the class of attacks which may be made upon a judgment of conviction[6]. It substituted a frontal for a collateral attack on any ground mentioned therein. It was not meant to broaden the scope of attack upon a judgment and sentence permissible under habeas corpus but rather to confine the relief, which before the adoption of this section might have been afforded in some other court through resort to habeas corpus, to the court where the sentence was imposed, unless it should appear that the remedy thereunder is inadequate or ineffective to test the legality of detention[7]. The court's jurisdiction thereunder is coextensive with the jurisdiction of the court passing upon an application for the writ.[8]

■■■ It is contended that the District Court erred in failing to treat appellant's motion under Section 2255 as a motion under Rule 32(d) of the Rules of Criminal Procedure, 18 U.S.C.A., to set aside the judgment and to permit the plea of guilty to be withdrawn. No such request was made and the entire proceeding was treated as made under Section 2255. Courts cannot be required to search for possible grounds upon which to grant relief. Their function is performed when they dispose of matters properly presented.

■■■ The legality of the trial court's action in connection with imposition of the

2. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 513.

3. United States v. Young, D.C., 93 F. Supp. 76.

4. McNealy v. Johnston, 9 Cir., 100 F.2d 280.

5. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Weber v. Squier, 9 Cir., 124 F.2d 618; White v. Steigleder, 10 Cir., 37 F.2d 858; Kirk v. United States, 9 Cir., 185 F.2d 185.

6. Pulliam v. U. S., 10 Cir., 178 F.2d 777.

7. U. S. v. Gallagher, 3 Cir., 183 F.2d 342; see also, Hastings v. U. S., 9 Cir., 184 F.2d 939, wherein the measure of jurisdiction under Section 2255 was held to be that under habeas corpus.

8. United States v. Meyers, D.C., 84 F. Supp. 766; Hudspeth v. United States, 6 Cir., 183 F.2d 68.

sentence which appellant has not begun to serve was not, prior to the enactment of Sec. 2255, reviewable in habeas corpus proceedings. For the foregoing reasons, appellant's motion in the Court below to vacate the sentence which he had not begun to serve was premature and the ruling of the trial court denying the motion should be affirmed.

The conclusions here reached on the points discussed render unnecessary consideration of the other questions raised by appellant.

Affirmed.