**BARNES v. HUNTER, Warden.**

**No. 4190.**

United States Court of Appeals
Tenth Circuit.

March 21, 1951.

Rehearing Denied April 4, 1951.

1. In re Avorn Dress Co., 2 Cir., 79 F.2d 337; In re American Cooler Co., Inc., 2 Cir., 125 F.2d 496; Aiken v. Herzog, 2 Cir., 171 F.2d 588.

John B. Tweedy, Denver, Colo., for appellant.

Malcolm Miller, Asst. U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order denying an application for a writ of habeas corpus. In his application for the writ Barnes alleged that an information containing three counts was filed against him in the United States District Court for the Western District of Missouri; that the second count charged that Barnes "did cause to be transported in interstate commerce from Columbia, Missouri to Cleveland, Ohio, two falsely made and forged checks in the amount of Seventy-five Dollars ($75.00) each,"; that the third count charged that Barnes "did transport and cause to be transported in interstate commerce from Kansas City, Missouri to Cleveland, Ohio, four (4) falsely made and forged checks in the following amounts respectively: Seventy-five Dollars ($75.00), Fifty-five Dollars ($55.00) and Sixty-five Dollars ($65.00) each,"; that Barnes entered pleas of guilty to each of the three counts and was sentenced to terms of imprisonment of one year and one day on Count 1, two years on Count 2, and two years on Count 3, the sentences to run consecutively; that since November, 1948, Barnes has been confined in the United

States Penitentiary at Leavenworth, Kansas; that on or about April 1, 1949, Barnes filed in the sentencing court under 28 U.S.C.A. § 2255 a motion to vacate the sentences imposed upon Counts 2 and 3, for the reason that neither of such counts charged an offense against the United States and the court was without jurisdiction to impose sentences on Counts 2 and 3; that on April 7, 1949, the sentencing court, without affording Barnes a hearing or opportunity to traverse the objections filed by the United States to his motion to vacate, overruled the motion; that thereafter on April 19, 1949, Barnes filed a notice of appeal from the order denying his motion to vacate; that the court entered an order permitting the notice to be filed without paying the filing fee, but denying Barnes leave to perfect his appeal in forma pauperis.

Section 2255, supra, provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

It is not the function of this court on an appeal from an order denying an application for a writ of habeas corpus to review the action of the sentencing court in denying a motion to vacate a sentence filed under § 2255, supra. Our sole inquiry with respect to the proceedings on such a motion is whether the applicant for the writ has shown that his remedy by motion under § 2255, supra, was inadequate or ineffective to test the legality of his detention.

To establish that the remedy by motion was inadequate and ineffective Barnes alleged that the sentencing court summarily denied his motion to vacate, without a hearing, and denied him the right to prosecute an appeal from the order denying such motion in forma pauperis.

Barnes asserts that Counts 2 and 3 of the information undertook to charge violations of 18 U.S.C.A. § 2314, which in part reads: "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited; * * *." and that Counts 2 and 3 failed to allege two elements of the offense defined in § 2314, namely, (1) unlawful or fraudulent intent, and (2) knowledge that the security was forged.

Section 2255, supra, does not give a prisoner the right to obtain a review, first by the court which imposed the sentence and then on appeal from a denial of a motion to vacate, of errors of fact or law that must be raised by timely appeal. The purpose of the section was not to confer a broader right of attack upon a judgment and sentence than might theretofore have been made by habeas corpus, but rather to provide that the attack which theretofore might have been made in some other court through resort to habeas corpus, must now be made by motion in the sentencing court, unless it shall appear that the remedy by motion is inadequate or ineffective to test the legality of the prisoner's detention. While the form of attack is direct, the grounds therefor are limited to matters that may be raised on collateral attack.[1]

It is a general rule that in a habeas corpus proceeding the sufficiency of the indictment or information upon which the petitioner was convicted and sentenced may not be challenged. In Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 524, 69 L.Ed. 1036, the Supreme Court of the United States, speaking through the late Chief Justice Stone said: "It is funda-

---

1. Pulliam v. United States, 10 Cir., 178 F.2d 777, 778; Hurst v. United States, 10 Cir., 177 F.2d 894; Hahn v. United States, 10 Cir., 178 F.2d 11, 12; United States v. Gallagher, 3 Cir., 183 F.2d 342, 344; Hastings v. United States, 9 Cir., 184 F.2d 939, 940; Crow v. United States, 9 Cir., 186 F.2d 704; Davilman v. United States, 6 Cir., 180 F.2d 284, 286; Taylor v. United States, 4 Cir., 177 F.2d 194, 195.

mental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved. It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings."

The principle was announced in the leading case of Ex parte Watkins, 3 Pet. 193, 7 L.Ed. 650, and has been reaffirmed many times by the Supreme Court.[2]

In Goto v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 527, 68 L.Ed. 1070, the court said: "The circuit court in which the petitioners were tried and convicted undoubtedly had jurisdiction of the subject-matter and of their persons, and the sentence imposed was not in excess of its power. The offense charged was neither colorless nor an impossible one under the law. The construction to be put on the indictment, its sufficiency and the effect to be given to the stipulation were all matters the determination of which rested primarily with that court. If it erred in determining them, its judgment was not for that reason void".

In Re Coy, 127 U.S. 731, 758, 8 S.Ct. 1263, 1272, 32 L.Ed. 274, the court said: "In all such cases, when the question of jurisdiction is raised, the point to be decided is, whether the court has jurisdiction of that class of offenses. If the statute has invested the court which tried the prisoner with jurisdiction to punish a well-defined class of offenses, as forgery of its bonds or perjury in its courts, its judgment as to what acts were necessary under these statutes to constitute the crime is not reviewable on a writ of habeas corpus."

In United States v. Pridgeon, 153 U.S. 48, 59, 60, 14 S.Ct. 746, 750, 38 L.Ed. 631, the court said: "The habeas corpus proceeding being a collateral attack of a civil nature, it must clearly and affirmatively appear that the indictment charged an offense of which the court had no jurisdiction, so that its sentence was void."

The general rule is subject to certain exceptions:

(1) If the indictment or information attempts to charge a non-existent Federal offense, or, as it is sometimes called, an impossible offense, as where it appears that the offense attempted to be charged, even though defined by state law or known to the common law, is not defined by a Federal statute, the indictment or information is open to collateral attack;[3] and

(2) Where although the offense is defined by Federal statute it affirmatively appears on the face of the indictment or information that no Federal offense was committed, the indictment or information is open to collateral attack. Such an indictment or information is said to be colorless. An example would be an indictment seeking to charge an offense under 18 U.S.C.A. § 2314, which makes it unlawful to knowingly transport in interstate or foreign commerce property of the value of $5,000, theretofore stolen, but alleging that the value of the property transported was $2,500.[4]

 The elements of the offense sought to be charged by an indictment or information, the sufficiency of the plea or proof to support the judgment of conviction, the construction to be placed upon the indictment or information, and the sufficiency of the charge are all matters, the determination of which rest primarily with the sentencing court. If it errs in determining them, its judgment is not for

2. Ex parte Yarbrough, 110 U.S. 651, 654, 4 S.Ct. 152, 28 L.Ed. 274; Ex parte Parks, 93 U.S. 18, 20–23, 23 L.Ed. 787; In re Coy, 127 U.S. 731, 756–758, 8 S.Ct. 1263, 32 L.Ed. 274; Goto v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070.

3. In re Coy, 127 U.S. 731, 757, 758, 8 S. Ct. 1263, 32 L.Ed. 274.

4. Cf. Tooisgah v. United States, 10 Cir., 186 F.2d 93.

that reason void. Hence, subject to the second exception noted above, when there is an offense defined by a Federal statute, of which the sentencing court has jurisdiction, and the indictment or information apparently attempts to charge an offense under such statute, and such court acquires jurisdiction over the person of the defendant, the sufficiency of the indictment is not subject to attack on habeas corpus.[5]

 The rationale of the rule is that when the offense is one over which the court has jurisdiction and the court acquires jurisdiction of the person of the defendant, it has jurisdiction and power to determine the elements which constitute the offense and the sufficiency of the indictment, and such jurisdiction necessarily embraces the power to make an erroneous, as well as a correct decision. Hence its decision, whether right or wrong, is not open to collateral attack. Moreover, non-jurisdictional errors should be raised in the sentencing court, where they may be corrected, or on appeal from the decision of the sentencing court, where their correction on remand may be directed by the appellate court. Here, if the information had been challenged before Barnes entered his pleas in the sentencing court, the defects in the information could have been cured by simple amendments.

 The information in Counts 2 and 3 attempted to charge Federal offenses under 18 U.S.C.A. § 2314. The sentencing court had jurisdiction over such offenses and it acquired jurisdiction over the person of Barnes. The case falls squarely within the general rule. If follows that the motion did not allege facts constituting grounds for relief under § 2255.[6]

 Under § 2255, supra, if the files and records of the case in the sentencing court conclusively show that the prisoner is entitled to no relief, the court is not re-quired to entertain a motion under § 2255, supra.[7] Here, the information which was a part of the records and files affirmatively showed that Counts 2 and 3 were not vulnerable to attack for insufficiency under the provisions of § 2255, supra. Accordingly we conclude that Barnes failed to show that the remedy by motion under § 2255, supra, was inadequate or ineffectual.

As to whether the summary denial without a hearing of a motion which stated good grounds for relief under § 2255, supra, and the denial of leave to prosecute an appeal in forma pauperis from the order denying such motion would constitute a showing that the remedy by motion was inadequate and ineffectual to test the legality of the prisoner's detention, we do not decide. Such a question is not here presented.

Affirmed.

MURRAH, Circuit Judge (concurring specially).

I concur in the judgment of the court and its reasoning to the effect that the sentencing court, having entertained and decided a motion for identical relief under Section 2255, the trial court rightly declined to entertain the petition for the writ of habeas corpus. My concurrence is based squarely on the premise that the petitioner has no right to review by habeas corpus what has been competently considered and decided by the sentencing court in a motion to vacate under Section 2255.

According to his own petition, the petitioner moved the sentencing court to vacate on the grounds that the information to which he pleaded guilty did not state an offense against any law of the United States, and the court did not therefore have jurisdiction to impose the sentence he is now serving. Section 2255 specifically authorizes a prisoner in custody un-

---

5. Aderhold v. Hugart, 5 Cir., 67 F.2d 247, 248; Knight v. Hudspeth, 10 Cir., 112 F.2d 137, 139; Creech v. Hudspeth, 10 Cir., 112 F.2d 603, 606; Hastings v. Hudspeth, 10 Cir., 126 F.2d 194, 196; Bauman v. Hunter, 10 Cir., 150 F.2d 449, 450; Pulliam v. United States, 10 Cir., 178 F.2d 777, 778.

6. Pulliam v. United States, 10 Cir., 178 F.2d 777, 778.

7. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 514.

der sentence of a federal court claiming the right to be released on the grounds that the court was without jurisdiction to impose such sentence, to move the sentencing court to vacate, set aside, or correct the sentence—at any time.

As Chief Judge PHILLIPS so well stated, the Act was designed to supplant habeas corpus by affording the same relief in the sentencing court, and see Barrett v. Hunter, 10 Cir., 180 F.2d 510. Section 2255 expressly provides that "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

The sentencing court entertained the motion under Section 2255 and denied the relief. The petitioner does not contend that the court was without jurisdiction to entertain the motion. Indeed, he could not successfully do so, for if the information failed to state an offense against the laws of the United States, the sentencing court was without jurisdiction to impose the sentence under which he is detained, and would therefore be authorized under Section 2255 to set aside or correct the same. Petitioner's only ground for his contention that the remedy was inadequate or ineffective is that the court arbitrarily refused to grant him a hearing on the allegations of his motion, and refused to allow him to appeal in forma pauperis.

We have squarely held that such allegations are insufficient to show an inadequate or ineffective remedy under Section 2255. See Barrett v. Hunter, supra, 180 F.2d at page 516. Indeed, a hearing on the motion under Section 2255 or on application for the writ is not essential to due process if the files and records in the case conclusively show, as a matter of law, that the petitioner is entitled to no relief. The information to which the petitioner pleaded guilty was undoubtedly before the trial court when it entertained the motion to vacate, and its legal sufficiency to state an offense was necessarily considered and decided. From that decision, the petitioner had the right of review. The motion to vacate was therefore neither inadequate nor ineffective to test the cause of his detention, and the trial court for that reason rightly declined to entertain the petition for the writ.

I cannot concur in the interesting commentary on the office of a writ of habeas corpus before the advent of Section 2255. In the first place, it has no present bearing on the adequacy or effectiveness of the motion. In the second place, it leaves the impression that the petition for the writ should have been denied, because even in the absence of Section 2255, the jurisdictional point could not have been reached on habeas corpus. As to that, I cannot agree.