## DONOVAN v. UNITED STATES.
### No. 4617.

United States Court of Appeals
Tenth Circuit.

June 11, 1953.

Thomas K. Loughlin, Denver, Colo., for appellant.

Whitfield Y. Mauzy, U. S. Atty., Tulsa, Okl., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court for the Northern District of Oklahoma denying appellant's motion under 28 U.S.C.A. § 2255 to vacate sentences imposed upon pleas of guilty and refusing to require appellant's presence at the hearing.

On the 18th of November, 1948, the appellant was arrested by postal authorities in the Northern District of Oklahoma. After having been fully advised of his rights in open court, he waived prosecution by indictment and consented to the filing of an information charging him with a violation of 18 U.S.C.A. §§ 641 and 2115. The appellant was also accused of violations of Federal statutes in other districts including the District of Kansas. He expressed a desire to waive indictment on these charges and requested that the Kansas case be transferred to the Northern District of Oklahoma under Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A. The appellant then waived prosecution by indictment in Kansas and consented to the filing of an information in the Kansas Court. After the information was filed in Kansas, appellant executed a consent to the disposition of the case in Oklahoma, which was approved by the district attorney of each district and the transfer was made. The appellant was arraigned on December 29, 1948 at which time he entered pleas of guilty to two counts in each information and was sentenced to five years under count one and one year under count two in the Oklahoma information, the sentences to run concurrently; and to five years under count one and one year under count two in the Kansas information, the sentences to run concurrently, but the sentences under each information were to run consecutively so that the total sentence to be served was ten years.

On October 15, 1952, appellant filed this motion to vacate the sentences, the principal ground of which was that he was unlawfully arrested without a warrant and that his premises were unlawfully searched, and that he made a confession without being advised of his constitutional protection against unreasonable search and seizure. There was some indication in the motion of a contention that he was coerced into entering a plea of guilty by federal law enforcement officers, and that he did not sign his consent to transfer the Kansas proceeding in open court as required by law. The court first heard the application for the appellant requesting that he be present at the hearing of his motions. The District Court held that the motions did not raise any material question of fact which would necessitate the presence of the appellant at the hearing, and denied the application. After a consideration of the record and files of the case and extensive argument by counsel, the court denied the motion to vacate. This appeal is from that order.

Under 28 U.S.C.A. § 2255, the trial court may entertain and determine the motion without requiring the production of the prisoner when the motion or the records and files of the case conclusively show

that the prisoner is not entitled to any relief, or where the prisoner's presence is unnecessary to afford him the relief to which he is entitled, or when only issues of law are presented. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965. Here the issues raised by the appellant are questions of law, which, if they can be raised at all after a plea of guilty, must be presented by appeal and not by motion under Section 2255.[1] Richardson v. United States, 10 Cir., 199 F.2d 333, 335; Barnes v. Hunter, 10 Cir., 188 F.2d 86; Hallowell v. Hunter, 10 Cir., 186 F.2d 873; Pulliam v. United States, 10 Cir., 178 F.2d 777; United States v. Jonikas, 7 Cir., 197 F.2d 675; Taylor v. United States, 4 Cir., 177 F.2d 194. The court properly denied the application to require the presence of the appellant at the hearing.

■ The appellant was no newcomer in court for criminal violations.[2] The court was particularly careful to advise him of all his constitutional rights including that of his right to counsel throughout all the proceedings. The transcript of the different proceedings before the court shows without any question that appellant well knew his rights and the effect of his actions and that he was acting with a free and open mind.[3] It is immaterial that appellant did not sign in open court his written statement that he desired to waive trial in Kansas on

1. After the arrest and the alleged unlawful search seizure, the appellant was taken before the court. The court fully and carefully explained his constitutional right to counsel throughout every stage of the proceeding. His right to be prosecuted only upon indictment by a grand jury was also explained to him. He then stated that he desired to waive his right to be prosecuted by indictment and stated that he did not desire the services of an attorney. This case is not unlike the Richardson case where it was said:

"Neither the legality of the search and seizure, nor the admissibility of the confession against Richardson are here material. Richardson, after being fully advised of his constitutional rights, waived counsel, indictment by a grand jury, consented to be charged by information, and entered his plea of guilty to both counts of the information. The conviction rests on the plea of guilty and not on the evidence obtained by the search or the confession.

\* \* \* \* \* \* \*

"Richardson was not entitled to counsel as a matter of right at the hearing on the motion. That proceeding was not part of the proceeding on the information, but was an independent and collateral inquiry into the validity of the conviction. United States v. Hayman, 342 U.S. 205, 222, 223, 72 S.Ct. 263 [96 L.Ed. 232]. Whether counsel should have been appointed to represent him at the hearing on the motion was a matter resting in the discretion of the trial court. Crowe v. United States, 4 Cir., 175 F.2d 799, 801."

2. The record shows that the appellant had been convicted and sentenced on eight prior occasions, one of which was for five years in this same court.

3. An example of the thoroughness of the court's explanations is shown by what was said when the appellant expressed a desire to have all charges against him transferred to the Northern District of Oklahoma.

"The Defendant: Well, here is what I was trying to do, Your Honor, I want to get them all transferred to one place —that is what I want to get them done.

"The Court: Well, if you want to get this charge transferred to this jurisdiction—

"The Defendant: Yes, sir.

"The Court: Then it would be necessary for you to request that the transfer be made. And of course there is no case to transfer until the—you are either indicted by the grand jury in Texas or you have waived the presentation of the matter to the grand jury and agreed that the case might proceed against you there by Information.

"If you waive the presentation to the grand jury and the United States District Attorney there files the Information against you, then upon your request and with the consent of the United States District Attorney in Texas—

"The Defendant: Yes, sir.

"The Court: It may then be removed —transferred to this jurisdiction.

"The Defendant: I see.

"The Court: But this is an essential preliminary step in order to bring about the removal, unless you want to waive and have the matter take its usual course and be presented to the grand jury.

"The Defendant: No, I don't wish to do that.

"The Court: Well, all right."

the charge pending there and requesting that the file be transfered to the Northern District of Oklahoma for the purpose of a plea of guilty. Rule 20 does not require that this statement be executed in open court. As heretofore stated, the court made a full explanation of the proceedings permitted by this rule and the appellant for his own reasons chose to act thereunder.

Judgment affirmed.