**UNITED STATES of America ex rel. Andrew J. DeVONEY, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Respondent-Appellee.**

**No. 15480.**

United States Court of Appeals Seventh Circuit.

April 22, 1966.

Andrew J. DeVoney, in pro. per.

William G. Clark, Atty. Gen. of Illinois, Chicago, Ill., Richard A. Michael, Philip J. Rock, Asst. Attys. Gen., of counsel.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

The petitioner, Andrew J. DeVoney, is an inmate of the Illinois State Penitentiary where he is serving a sentence of one year to life imposed after conviction

of the crime of burglary in the Criminal Court of Cook County, Illinois, in 1952.

He sought and was denied writ of habeas corpus in the United States District Court. He was granted a certificate of probable cause and leave to appeal in forma pauperis. His appeal has been submitted on the briefs of the parties and the record without oral argument.

The petitioner does not attack his conviction. He asserts that his present custody is unlawful because his request for rehearing by the Illinois Parole and Pardon Board was read by the Chairman of the Board who informed the petitioner that he had failed to comply with Rule 16 of the Rules relating to Parole and Pardons. The petitioner contends that similar applications for rehearing by other prisoners were considered by the entire Board in conference.

Rule 16 reads:

"16. A rehearing will be granted only by the affirmative action of the Board in conference.

After a parole is denied a rehearing may be requested by the inmate. Such request must be made in writing and must set forth new facts and circumstances with reference to the crime for which subject is serving or extraordinary circumstances or facts which have arisen, or both, which have not heretofore been considerd by the Board and which upon examination would warrant such rehearing.

Oral argument in support of the application will not be permitted.

When a rehearing is granted, the case of such inmate shall be placed on a subsequent docket for hearing."

The petitioner construes the Rule to require that even preliminary ministerial consideration of the form of a request for rehearing must be the function of the entire Board acting in conference. We cannot agree that the Rule prohibits delegation of such ministerial duties preliminary to submission of a request to the Board en banc.

If we agreed with the petitioner that Rule 16 did give him the right to have the sufficiency of his request considered by the Board en banc, habeas corpus would still not lie to secure a judicial decision which, even if determined in petitioner's favor, would not result in his immediate release. Crow v. United States, 9 Cir., 1950, 186 F.2d 704, 706.

Petitioner states that the Board has now changed its rules, and that petitions for rehearing are currently considered by the entire Board.

The decision of the District Court that petitioner has failed to state a claim on which writ of habeas corpus can be granted is affirmed. The petitioner's motion to strike the respondent's brief is denied.

Affirmed.