John Edward **BALDWIN**

v.

**UNITED STATES of America.**

Crim. No. 20120.

United States District Court
E. D. South Carolina,
Orangeburg Division.

May 12, 1956.

John Edward Baldwin, pro se.

N. Welch Morrisette, Jr., U. S. Atty., Irvine F. Belser, Jr., Asst. U. S. Atty., Columbia, S. C., for the United States.

WYCHE, District Judge.

This matter is before me upon motion of the petitioner John Edward Baldwin to vacate, set aside, or correct, under the provisions of Section 2255, Title 28 U.S.C., the sentence heretofore imposed upon him. I have given careful consideration to the petitioner's motion and supporting papers and argument, and to the files and records of the case, including the court reporter's stenographic transcript of the proceedings had in connection with the present case and two other associated cases, as discussed more fully below.

I am of the opinion, and so hold, that the aforesaid motion, files, and record show conclusively that the petitioner is not entitled to the relief requested.

Nor do I consider that any hearing upon petitioner's motion is or was necessary in reaching the conclusion that petitioner is entitled to no relief.

I have also had before me the informal return of the United States and the affidavits attached thereto, and make occasional reference hereinbelow to certain facts therein set out. I have not, however, found the said return essential to my conclusion that petitioner is not entitled to the relief demanded, and have considered it merely as in the nature of the evidence and arguments which the United States would have advanced had

I thought it necessary to hold a hearing, either with or without the presence of the petitioner, upon petitioner's motion.

Careful study of petitioner's long motion and brief indicates that petitioner's challenge to the correctness of the sentence imposed upon him involves five principal grounds. As nearly as I can understand them, these are as follows:

1. The contention that the indictment in the case does not charge, and the evidence does not show, that petitioner is guilty of any Federal offense.

2. The contention that petitioner was coerced into a plea of guilty by F.B.I. Special Agent Arthur Lee (correctly spelled Lea) and possibly other Government agents.

3. The contention that the Court did not allow petitioner sufficient time to prepare his defense, and the subsidiary contention that his court-appointed counsel was incompetent and did not properly represent him.

4. The contention that the transfer of Criminal Action No. 20,112, involving certain defendants who were also defendants in the instant case with petitioner, was prejudicial to petitioner.

5. The contention that the joinder of the defendant Elmore in the instant case, and the entry by the Government of a *nolle prosequi* in this case as to her, were prejudicial to petitioner.

I shall briefly consider each of these contentions in turn.

 Petitioner's challenge to the indictment and supporting evidence involves a simple legal question. It appears to me, however, to be without merit. As I understand petitioner's objection on this point, he is seeking to draw a distinction between "robbery" on the one hand and other types of theft crimes on the other hand, and to contend that although he may be guilty of the State offense of attempting to break and enter a State bank, he could not have intended to commit the felony of "robbery" therein as charged in the indictment and hence cannot be guilty of a Federal offense. Although unquestionably there is a technical distinction between the crime of "robbery" and other types of theft crimes such as burglary and larceny, I do not find that the distinction is of any consequence here. It may be conceded that the Government's use of the word "robbing" in the last line of the First Count of the indictment (charging petitioner and others with attempting to enter a bank insured by the Federal Deposit Insurance Corporation with intent to commit a felony against said bank, i. e. "for the purpose of robbing said bank") is somewhat inartistic and could have been more accurately expressed. A reading of the whole count, however, shows clearly that it adequately states the essential elements of the offense charged and sufficiently advises petitioner of the nature of the charge against him. This is particularly true where, as here, the indictment is attacked not by motion to quash or by appeal but upon motion to vacate or set aside the sentence. On a motion to vacate a sentence, the test of the sufficiency of the indictment is whether the indictment by any reasonable construction can be said to charge the offense for which the sentence was imposed. Byers v. United States, 10 Cir., 1949, 175 F.2d 654, 656, certiorari denied Byers v. Cities Service Gas Co., 338 U.S. 887, 70 S.Ct. 183, 94 L.Ed. 545; Gould v. United States, 10 Cir., 1949, 173 F.2d 30, 31, certiorari denied 337 U.S. 945, 69 S.Ct. 1501, 93 L.Ed. 1748; Incas v. United States, 4 Cir., 1946, 158 F.2d 865, certiorari denied 330 U.S. 841, 67 S.Ct. 977, 91 L.Ed. 1287; United States v. Franz, D.C.N.J.1949, 86 F.Supp. 776. I consider that the indictment here more than adequately meets such a test.

 Nor is there any merit in petitioner's contention that the "facts" and the evidence show that he was not guilty of any Federal offense. In the first place a motion under Section 2255, Title 28 U.S.C., such as here concerned, cannot be used to attack the sufficiency of the evidence supporting a conviction. Taylor v. United States, 4 Cir., 1949, 177 F.2d 194, 195; Birtch v. United States, 4 Cir., 1949, 173 F.2d 316, 317, certiorari

denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747. Moreover petitioner by his plea of guilty has admitted all the essential elements of the offense charged. It might also be noted in passing that petitioner in his motion and brief has virtually admitted sufficient facts to constitute the violation charged.

■ Petitioner's emphasis in his brief upon the fact that the bank concerned was not a Federal bank but a State bank is irrelevant. Section 2113, Title 18 U.S. C., under which petitioner was charged defines "bank" as including "any bank the deposits of which are insured by the Federal Deposit Insurance Corporation"; and the indictment charges, and the proof here shows beyond any question, that the bank here concerned was so insured. Hanford v. United States, 4 Cir., 1956, 231 F.2d 661.

■■ Petitioner's second contention, to the effect that he was coerced into a plea of guilty, also appears to me to be groundless. This attack seems to rest upon the allegation that shortly after his arrest and several months prior to the disposition of his case in court a special agent of the F.B.I. fraudulently connived with an eyewitness, former Ehrhardt (S. C.) Police Chief Charles G. Wilson, to pick petitioner out of a police line-up. Even if the facts alleged by petitioner be taken as true, they appear to me to fall far short of supporting the charge of coercion. If the petitioner had not in fact been guilty, it is inconceivable to me that he would have allowed himself to be coerced into an unjust and untrue plea of guilty merely because a witness had falsely and fraudulently identified him in a police line-up some two months before. It is also worthy of note that petitioner made no such charge of coercion at the time of the trial and plea in his case—certainly the logical time for it to have been raised if it were in fact true. Moreover, in affidavits, submitted with the Government's Return, of the two F.B.I. special agents present at the identification, and the eyewitness Wilson, the facts alleged by petitioner as to the procedure at the identification are categorically denied. The events and procedure set out by the agents and police chief appear to me to be considerably more likely and worthy of belief than petitioner's version of the event.

It also is apparent from the transcript of the court proceedings that petitioner's plea of guilty was entered with the advice and consent of his counsel and after the Government had commenced the proof of its case against him. It is also clear from the transcript that the court did not accept the petitioner's plea until the court was satisfied that the petitioner understood the charges against him and admitted his guilt. Tr. 17–18, 33–34. And, as noted above, petitioner did not at that time make any charge of coercion.

I accordingly find and conclude that as a matter of fact petitioner entered his plea of guilty freely and voluntarily and without coercion by Special Agent Lea or anyone else acting for or on behalf of the Government. I also hold that any such charge of coercion must be raised at the time of trial and plea or by appeal and cannot be taken advantage of for the first time by motion to vacate the sentence. United States v. Lowe, 2 Cir., 1949, 173 F.2d 346, certiorari denied 337 U.S. 944, 69 S.Ct. 1499, 93 L.Ed. 1747; United States v. Lowrey, D.C.Pa. 1949, 84 F.Supp. 804.

■ Petitioner's third contention, that he was not allowed sufficient time to prepare his defense, also appears to me to be without merit. The record indicates that petitioner, after commission of the offense on December 3, 1953, was arrested about the first of February, 1954 and remained in custody until the case was disposed of on April 19, 1954. During this period he must surely have had ample opportunity and time to think over and decide in his own mind what witnesses he wished to call in his defense. It is obvious from petitioner's record and background and from his present motion and brief that petitioner is not exactly a novice at court proceedings. At the time his case was called for disposition I appointed an able and experienced attorney to represent him. His

counsel was then given an opportunity to confer both with petitioner and with the Government agents familiar with the case. Tr. 12. When the case was called again later in the day and petitioner's counsel raised the question of a continuance, counsel stated that he knew of no witnesses he wished to have called. I instructed counsel to ascertain definitely whether or not there were any such witnesses to be called in petitioner's behalf and, at the suggestion of the United States Attorney, proceeded with other matters. When the case was again called, no further request for a continuance was made by either petitioner or his counsel, and no further question was raised as to any witnesses desired in petitioner's defense.

I also note from the affidavit of petitioner's appointed counsel, Mr. A. J. Hydrick, Sr., that petitioner had no witnesses whom he wished called and that he (Mr. Hydrick) knew of no valid ground then, and knows of none now, on which to base a request for a continuance of the case.

From my recollection of the course of events and the record of the case, I conclude, and so hold, that petitioner was granted ample time and opportunity to prepare and present any defense which he might have had. A motion to vacate sentence is not intended to cover denial of time in which to prepare for trial, unless so extreme as to constitute a denial of due process so as to become jurisdictional in nature. Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 1591, 91 L.Ed. 1982; McMicking v. Schields, 238 U.S. 99, 35 S.Ct. 665, 59 L.Ed. 1220; United States v. Wight, 2 Cir., 1949, 176 F.2d 376, 378.

■■■■ Petitioner's incidental charge in his brief that his appointed counsel was incompetent and did not properly represent him can be disposed of summarily. The attorney whom I appointed to represent him has been an able and distinguished member of the State and Federal bar for many years and served as Solicitor of the First Ju-

dicial Circuit of South Carolina for some twenty-one years, with very wide experience in criminal practice. Moreover the law is well settled that the constitutional right to representation by counsel does not guarantee a defendant the right to representation by the most brilliant member of the bar and that errors of judgment on the part of counsel during the course of trial cannot be made the basis of setting aside a valid conviction unless the ineffectiveness of counsel was such as to make the trial a farce. Alred v. United States, 4 Cir., 1949, 177 F.2d 193; United States v. Wight, 2 Cir., 1949, 176 F.2d 376, 379; United States v. Lowrey, D.C.Pa.1949, 84 F.Supp. 804, 806; United States v. Cameron, D.C. Miss.1949, 84 F.Supp. 289, 290.

■■■■ Petitioner's fourth and fifth contentions that the transfer of the associated case Criminal Action No. 20,-112 from the Aiken Division to the Orangeburg Division of the District and the joinder of the defendant Elmore in the instant case served to prejudice petitioner, are baseless and frivolous, apparently being based upon a misunderstanding of the facts. The affidavits of Hanford and McKnight, who were defendants in case No. 20,112 (along with certain other defendants also involved in the instant case), to the effect that the transfer was made without their knowledge or consent, is refuted by the record of the proceedings. It clearly appears from the transcript, and also from my own recollection of the proceedings, that case No. 20,112 (an Aiken Division case) was called in the Orangeburg Division by the United States attorney only for the stated purpose of arraignment and appointment of counsel and that the United States was not even fully prepared for trial of the case at Orangeburg and consented to go to trial only after the defendant McKnight insisted on doing so because of the alleged condition of his health. Tr. 5–6. It is also clear that all defendants in case No. 20,112, including Hanford and McKnight, waived arraignment and venue and consented to disposition of the case in the Orangeburg

Division. Tr. 10–12, 29. In doing so, all were represented by counsel and must be presumed to have done so with full knowledge of their rights.

■ Regardless of the consent of Hanford and McKnight to the transfer, however, I cannot see how petitioner was in any way prejudiced thereby or how he has any standing to complain of the action taken, since he was not a party to the action. The legality of the imprisonment of any prisoner depends upon the record in his own individual case; and he may not raise the question of such legality by affidavits and arguments filed in the case of another. Hall v. Welch, 4 Cir., 1950, 185 F.2d 525, 527.

■ The same is true as to petitioner's contention as to the disposition of the charges against the defendant Elmore. Regardless of the legality of the proceedings as to her, petitioner has no standing to raise such questions in attacking the legality of his own conviction and sentence. Hall v. Welch, supra. Nor do I see how the proceedings as to Elmore affected or prejudiced petitioner in any way. In any event, the disposition of the charges against Elmore appears to me to have been handled entirely properly and well within the discretion of the United States attorney, by the entry of a *nolle prosequi* as to her in the instant case (involving the bank at Ehrhardt, S. C.) and the filing of an information (Criminal Action No. 20,150) charging her with participation in the burglary of the bank at Varnville, S. C., to which she pleaded guilty, after waiving indictment and venue. In all of these actions she was represented by retained counsel of her own choosing.

After a careful and thorough study of the entire case, I can find no denial or infringement of any of petitioner's constitutional rights, either on the grounds raised by him or on any other. His motion to vacate, set aside or correct the sentence imposed on him must therefore be denied. Taylor v. United States, 4 Cir., 1949, 177 F.2d 194, 195; Crowe v. United States, 4 Cir., 1949, 175

F.2d 799; Birtch v. United States, 4 Cir., 1949, 173 F.2d 316, 317, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747; Howell v. United States, 4 Cir., 1949, 172 F.2d 213, certiorari denied 337 U.S. 906, 69 S.Ct. 1048, 93 L. Ed. 1718; United States v. Moore, 7 Cir., 1948, 166 F.2d 102, 104.

And it is so ordered.