**John E. BALDWIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7684.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 8, 1958.

Decided Oct. 13, 1958.

Charles W. Laughlin, Richmond, Va. (court-appointed counsel), for appellant.

John Edward Baldwin, pro se, on brief.

Arthur G. Howe, Asst. U. S. Atty., Charleston, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.

PER CURIAM.

The defendant entered a plea of guilty upon an indictment which charged, among other things, a violation of Title 18 U.S.C.A. § 2113, in attempting to feloniously enter a bank, whose deposits were insured by the Federal Deposit Insurance Corporation, with the intention to commit a felony. Thereafter, he filed a motion under Title 28 U.S.C.A. § 2255, to vacate the sentence, upon a number of grounds, which, after consideration, was denied. Judge Wyche filed an opinion which discloses his careful consideration of the defendant's contentions. Baldwin v. United States., D.C.E.D.S.C., 141 F. Supp. 310.

Approximately two years later, the defendant again moved under Title 28 U.S.C.A. § 2255 for an order vacating the sentence, this time complaining that he was not granted a hearing upon the first motion, challenging the accuracy of the stenographic transcript of the trial proceedings, questioning consideration by the Court of the return of the United States Attorney to the motion and of

certain affidavits, and reasserting claimed jurisdictional objections urged in the first motion. The second motion received the consideration of the Court and was denied in an order dated April 14, 1958.

In this Court, the defendant urges principally his claimed jurisdictional objection, that the indictment does not allege a federal offense. Though the indictment is substantially in the language of Title 18 U.S.C.A. § 2113, the defendant reasons that it charges a crime under state law, which is the first contention advanced in his first motion under § 2255, Title 28 U.S.C.A., and in which we find no merit for the reasons stated by Judge Wyche. Baldwin v. United States, D.C. E.D.S.C., 141 F.Supp. 310.

The defendant's counsel, appointed by this Court to represent him in this proceeding, urged that the defendant was denied effective representation of counsel, for though a man of outstanding trial ability was appointed to represent him and did so, the appointment preceded the commencement of the trial by no more than approximately six hours. It appears, however, that the appointed counsel conferred with the defendant and with the FBI Agents who were the witnesses for the prosecution. When the case was first called, he asked for additional time, which was granted while the Court proceeded to take up other matters. When the case was again called, the defendant's counsel disclosed that there were no witnesses to be summoned and, no motion for a continuance having been made and no reason for further delay appearing, the trial was commenced. The defendant first entered a plea of not guilty, but changed his plea after the preliminary testimony of one witness had been taken.

We agree with the District Judge that the matter of the sufficiency of time for preparation of trial is not a matter to be raised upon a motion to vacate sentence, unless the circumstances were so extreme as to amount to a denial of due process. When the appointed counsel, who represented the defendant in the trial, affirms, as he has in an affidavit, that there were no witnesses to be summoned, and that he knew of no valid defense then and knows of none now, we cannot say that the six hours allowed were so short as to amount to a denial of due process. What may be a reasonable time in one case can be quite unreasonable in another, and the sufficiency of the time depends upon what is disclosed to counsel by his client and, in this instance, in his interviews with the witnesses for the prosecution. Apparently satisfied with his own investigation, we have no basis here for saying it was insufficient, and certainly we cannot conclude that it was so insufficient as to amount to a denial of effective representation of the defendant.

Affirmed.