UNITED STATES of America, Appellant,

v.

Archibaldo ORTIZ, Appellee.

No. 76–1500.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1976.

Decided Dec. 2, 1976.

Allen L. Donielson, U. S. Atty., and William D. Scherle, Asst. U. S. Atty., Des Moines, Iowa, for appellant.

Michael J. Laughlin, Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and HENLEY, Circuit Judges.

PER CURIAM.

This is a timely appeal by the Government from the judgment of the district court entered April 18, 1976, granting petitioner Ortiz's § 2255 motion to vacate sentence imposed upon Ortiz following his guilty pleas to three counts of an indictment involving heroin offenses. The judgment vacates the guilty pleas entered to each of the three counts on October 9, 1973, and the sentences thereafter imposed, and provides that Ortiz will be permitted to plead anew to the charges against him. The judgment was stayed pending resolution of the matter on appeal.

The offenses charged in the indictment involved violations of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) which, by reason of a prior heroin conviction, required a special parole term of six years in addition to the term of imprisonment imposed. The maximum penalty on Counts I and II is thirty years plus a fine of $50,000, or both, plus a special parole term of six years. Count III carried a maximum of four years. Thus permissible prison sentences on the three counts aggregate sixty-four years. Defendant was sentenced to twenty years imprisonment on Count I, plus the six year special parole term, given a like sentence on Count II, and was sentenced to four years on Count III, all sentences to be served concur-

rently. All sentences were within the statutorily prescribed limits.

The basis of petitioner's motion and the order vacating the sentences is that the court failed to ascertain, as required by Rule 11, Fed.R.Crim.P., that the petitioner was aware of the special parole term and its consequences. Reliance is largely placed on *United States v. Richardson,* 483 F.2d 516 (8th Cir. 1973).

The decision in this case is controlled by our decision in *McRae v. United States,* 540 F.2d 943 (8th Cir. 1976). In that case, relying on *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), decided subsequent to *Richardson,* we held that noncompliance with the formal requirements of a rule of criminal procedure did not permit a collateral review of the conviction in absence of indicated prejudice to the defendant. Here, as in *McRae,* an examination of the record discloses substantial, if not literal, compliance with Rule 11 and discloses no prejudice resulting from the court's failure to personally advise defendant of the special parole term provision of the statute and its effect upon the defendant.

The prosecuting attorney in the presence of the court specifically advised the defendant that the applicable statute required the imposition of a special parole term of at least six years in addition to the authorized sentence.

After the prosecuting attorney explained in detail the applicable sentences and the elements of the offenses charged and obtained defendant's express admission of his guilt to such charges, the court directly questioned and advised the defendant that the court must ascertain for itself that the change of plea to guilty was a free and voluntary act made by the defendant with a full understanding of all of his constitutional rights and the consequences of the plea. Defendant's constitutional rights were explained in detail. The court ascertained defendant was a high school graduate, that he was satisfied with his court-appointed attorney, and that he had a full opportunity to discuss and did discuss the change of plea

with his attorney, and that defendant understood the penalties involved on the charges to which he entered his guilty plea. The record discloses the following:

THE COURT: The district attorney reviewed with you the elements of Counts I, II and III. And in open court you admitted that you had performed those acts. Were those admissions made freely and voluntarily here in court?

MR. ORTIZ: Yes, sir.

THE COURT: After having had all these matters called to your attention, do you still wish to enter a plea of guilty to Counts I, II and III?

MR. ORTIZ: Yes, your honor.

THE COURT: Do you know of any reason why I should not accept it?

MR. ORTIZ: No, sir.

THE COURT: Mr. Holmes, in your discussions with this defendant have you reached a conclusion as to whether or not he fully understands his rights and the consequences of his plea?

MR. HOLMES: I have reached an opinion that he does understand exactly what he's doing, your honor.

THE COURT: Very well. Do you know of any reason why I should not accept this change of plea?

MR. HOLMES: No, I do not.

Ortiz took no appeal from his sentence. His § 2255 motion before us was not filed until March 30, 1976, well over two years after his sentence.

We are satisfied that there has been at least a substantial compliance with Rule 11 and that there was no fundamental defect in the Rule 11 proceedings which resulted in a complete miscarriage of justice or presented special circumstances that justify collateral relief. *See Davis v. United States, supra; McRae v. United States, supra.*

The judgment vacating the sentence imposed on petitioner is reversed and set aside. The case is remanded to the trial court with direction to reinstate the sentence.