Robert M. HOWARD,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 77–2461.

United States Court of Appeals,
Fifth Circuit.

Aug. 31, 1978.
As Amended Sept. 22, 1978.

Stephen M. Orr, Austin, Tex., for petitioner-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., Frank B. Walker, Asst. U. S. Atty., El Paso, Tex., W. Ray Jahn, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before COLEMAN, GEE, and RUBIN, Circuit Judges.

COLEMAN, Circuit Judge.

The appellant, no longer in prison, attempts to overturn a guilty plea by which he succeeded in erasing several counts of an indictment, 28 U.S.C. § 2255. The District Court rejected the effort and we affirm.

## I

On March 8, 1973, in a multi-count indictment, appellant was charged with the offense of conspiracy to possess and import marijuana in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). On March 13 he notified his attorney of the criminal charges against him. After several telephone conferences and office meetings between appellant and his attorney [taking place during a week's time], appellant surrendered on March 22. He was arraigned that day and his jury trial was set for April 2. On March 25 a motion for continuance was denied. Appellant remained in jail until April 2. On that day, pursuant to a plea bargain, he pleaded guilty to Count I of the indictment, with the government dismissing the remaining counts. Bond pending sentence was reduced, which the defendant made and was released.

It was nearly a year, however, before the imposition of sentence, which took place on February 5, 1974. We glean from the record that the district judge, now deceased, was quite concerned with the fact that the defendant was suffering from a malignancy and wanted to be certain that he could, and would, receive adequate treatment while in prison.

Howard was sentenced to five years imprisonment under the provisions of 18 U.S.C. § 4208(a)(2) and, additionally, to a special parole term of five years. No direct appeal was taken. Howard served part of the sentence and was granted parole, subject to the special parole terms imposed by the committing court. On May 18, 1977, then free on parole, Howard filed this 28 U.S.C. § 2255 petition, which the District Court denied without a hearing.

## II

### Due Process Argument

■ Appellant now argues that the very speed of the hearing in his case deprived him of an opportunity to prepare himself for a trial. This, he says, "denied him effective assistance of counsel and due process of law". He points to no specific facts demonstrating how the trial date prejudiced him or how it rendered ineffective the assistance of his counsel. Intrinsic in the appellant's situation is the fact that for a week before he was arraigned he was at large and conferred at length with counsel before he surrendered.

Indeed, the deposition taken from one of counsel, Mr. Yeakel, indicates that attorney and client discussed the case in person and by telephone on several occasions, both before and after the arraignment. Additionally, appellant's attorney had numerous personal and telephone conferences with the Assistant United States Attorney's office in charge of the case. After the motion for continuance was denied, appellant's attorney met twice with his partner, Mr. Orr, who had accompanied appellant at the arraignment (Mr. Yeakel not being able to attend that particular day) to discuss the case. Since Yeakel would not be able to be present at the trial, Mr. Orr was to take over at that point. Following the denial of the motion for continuance, appellant's attorney was immediately allowed total access to the government's file.

Considered together, these facts leave us unpersuaded that appellant's attorneys were denied adequate time and access to relevant materials to have afforded their client effective assistance. That appellant was allowed to plead guilty to one count of the indictment while four other counts were dismissed is, to say the least, a poor indication of prejudice.

Since *MacKenna v. Ellis*, 5 Cir. 1960, 280 F.2d 592, 599, *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78, we have repeatedly had occasion to reaffirm the "reasonably effective assistance" standard as applied to the effectiveness of representation by counsel.[1]

We have also said:

---

1. E. g., *Sierra v. Government of Canal Zone*, 5 Cir., 1977, 546 F.2d 77, n. 9 at 81; *Herring v. Estelle*, 5 Cir., 1974, 491 F.2d 125; *United States v. Woods*, 5 Cir., 1973, 487 F.2d 1218; *United States v. Beasley*, 5 Cir., 1973, 479 F.2d 1124; *Sloan v. Wainwright*, 5 Cir., 1972, 469

"While counsel must devote sufficient time to ensure an adequate defense in order to render effective assistance, it is the rule in this Circuit that '. . . time spent [in preparation] is only one of the elements to be considered and the totality of the facts may not be over-ridden by a judicial stop watch'." *Herring v. Estelle,* 5 Cir. 1974, 491 F.2d 125, 128, quoting *Doughty v. Beto,* 5 Cir. 1968, 396 F.2d 128, 130.

In *Loftis v. Estelle,* 5 Cir. 1975, 515 F.2d 872, in affirming the denial of a writ for habeas corpus, we did not find the representation of appellant so ineffective as to reach constitutional proportions. We said that "While Loftis's defense may have suffered somewhat when counsel was forced to trial immediately upon denial of the second motion for continuance, mere brevity of consultation *is alone* insufficient to establish a Sixth Amendment violation" (emphasis added). 515 F.2d at 875.

Appellant contends that *Baldwin v. United States,* 4 Cir. 1958, 260 F.2d 117, is not in point but we disagree. In *Baldwin* the Fourth Circuit agreed with the district court that the issue of the sufficiency of time for trial preparation is not a matter to be raised in a motion to vacate sentence, "unless the circumstances were so extreme as to amount to a denial of due process". 260 F.2d at 118. The court refused to say, under the circumstances of that case, that the six hours allowed were so short as to amount to a denial of due process. 260 F.2d at 118.

Under the facts of this case, Howard's due process argument is nigh unto frivolous.

### III

#### Howard's Rule 11 Argument

Howard argues that there was a fatal failure to comply with Rule 11, Fed.R.

Crim.P. in that he was not properly informed of the possible range of punishment, that he was not adequately informed of the nature of federal parole, and that the trial judge did not himself advise the appellant of the nature of a special parole.

In *Halliday v. United States,* 394 U.S. 831, 832, 89 S.Ct. 1498, 1499, 23 L.Ed.2d 16 (1969) it was held that the strict rule announced in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) was based "solely upon application of Rule 11 and not upon constitutional grounds".

The District Judge did address Howard personally as to the voluntary character of the plea, as follows:

THE COURT: Before I can act on this plea, I must be satisfied it's voluntarily made. That means no one can promise you anything, no one can threaten you to cause you to enter your plea. Now, I know your attorneys have talked to the District Attorney, and he has agreed to move to dismiss all charges except the first count. Other than that, has anything been promised to you?

\* \* \* \* \* \*

THE COURT: Mr. Howard, have any promises been made to you or any threat made other than that [the plea bargain]?

MR. HOWARD: No, sir.

THE COURT: Each of you have very competent attorneys, Mr. Fashing and Mr. Orr, and I know these attorneys have discussed with you your rights and the rights you waive when you plead guilty and the possible penalties. Now, do you understand those, Mr. Logan?

MR. LOGAN: Yes, sir.

THE COURT: Mr. Howard?

MR. HOWARD: Yes, sir.

THE COURT: Do either one of you have any question of the Court about any

F.2d 390; *Williams v. United States,* 5 Cir., 1971, 443 F.2d 1151; *United States v. Rubin,* 5 Cir., 1970, 433 F.2d 442, *cert. denied,* 401 U.S. 945, 91 S.Ct. 961, 28 L.Ed.2d 228; *Lamb v. Beto,* 5 Cir., 1970, 423 F.2d 85, *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84; *Caraway*

*v. Beto,* 5 Cir., 1970, 421 F.2d 636; *Bendelow v. United States,* 5 Cir., 1969, 418 F.2d 42; *Calloway v. Powell,* 5 Cir., 1968, 393 F.2d 886; *Brown v. Beto,* 5 Cir., 1967, 377 F.2d 950; *Pineda v. Bailey,* 5 Cir., 1965, 340 F.2d 162.

of those rights *or possible penalties* (emphasis added) before I act on your plea?

MR. LOGAN: No, sir.

MR. HOWARD: No, sir.

It is true that the United States Attorney, rather than the Court explained special parole, as follows:

MR. EDERER: Also included in these offenses is punishment that is what is known as special parole. Now, special parole is over and above any other type of parole which you may receive. There is a minimum of two years' special parole which attaches to this offense. There is no maximum, so conceivably you could be placed on parole for the rest of your life.

Now, as an example of special parole, if you were confined in the custody of the Attorney General for, say five years, at the end of two years you were released on parole from the prison, you would be on parole for the remainder of your sentence or for three years. At the end of that parole from the prison, the special parole comes into play. At that point, you would begin running your two years or whatever sentence under special parole.

Any violation of this special parole would cause you to be placed back in the penitentiary to serve out the remaining period of the special parole and/or of your sentence if there should be any sentence left from the parole given to you by the prison. Do you understand the special parole?

MR. HOWARD: Yes, sir.

Moreover, when the Court imposed the special parole term he asked if Howard understood and his counsel, who also represents him on this appeal, responded, "Yes, sir, I think that was explained fully". The defendant made no comment. Bear in mind, too, that when the Court asked Howard if he had any further question as to the possible penalties, the defendant responded in the negative.

The explanation with reference to special parole terms, given by the United States Attorney, in the presence of the Court, defendant, and counsel, was entirely adequate. The issue boils itself down to whether, at this late date, *on collateral attack*, when the defendant has been released from prison, the law requires that his guilty plea be set aside in a § 2255 proceeding and the defendant be allowed to plead anew. Since the trial judge did address the defendant personally as to the voluntary character of the plea, the case is further reduced to whether the failure of the judge personally to explain that which had already been explained vitiated the plea.

This sentence was imposed on February 5, 1974. It was not until February 2, 1976, that we decided *United States v. Crook* in a summary calendar opinion, 5 Cir., 526 F.2d 708. Crook's case was a *direct appeal.* He had pleaded guilty to the knowing possession and transportation of an unregistered firearm. The United States Attorney, rather than the Court, informed Crook of the range of penalties for the offenses charged, inquired whether the defendant understood the nature and consequences of his plea, and inquired whether the plea was freely and voluntarily made. The Court questioned the defendant only on his participation in the charged offense, after which the plea was accepted and sentence was passed. Thereafter, the defendant moved to withdraw his plea of guilty. The motion was denied and the defendant appealed.

Our panel held that "Rule 11 prohibits a federal court from accepting a plea of guilty without first addressing the defendant personally and determining that the plea if made voluntarily with understanding of the nature of the charge and the consequences of the plea". The panel declined to accept "the government's argument that the trial judge does not have to make the required admonition as long as these inquiries are made by someone in the Judge's presence". Citing *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) and *United States v. Vera*, 5 Cir., 1975, 514 F.2d 102, our panel reversed the conviction and remanded the case for the entry of a new plea.

It must be remembered, however, that the panel was dealing with a direct appeal, not a collateral attack.

Thus there was no necessity for it to consider *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), decided three weeks after sentence was imposed on Howard.

*Davis* stated:

"This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. In *Hill v. United States*, 368 U.S. 424, 429, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962), for example, we held that 'collateral relief is not available when all that is shown is a failure to comply with the formal requirements' of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error. We suggested that the appropriate inquiry was whether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.' *Id.*, at 428, 82 S.Ct. at 471 (internal quotation marks omitted). . ." 417 U.S. at 346, 94 S.Ct. at 2305.

*Hill v. United States*, cited in *Davis*, was a § 2255 case in which before passing sentence the trial court had not given the defendant an opportunity for allocution as commanded by Rule 32(a) of the Federal Rules of Criminal Procedure. The Supreme Court held:

"The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent'. *Bowen v. Johnston*, 306 U.S. 19, 27 [59 S.Ct. 442, 446, 83 L.Ed. 455]. See *Escoe v. Zerbst*, 295 U.S. 490 [55 S.Ct. 818, 79 L.Ed. 1566]; *Johnson v. Zerbst*, 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461]; *Walker v. Johnston*, 312 U.S. 275 [61 S.Ct. 574, 85 L.Ed. 830]; *Waley v. Johnston*, 316 U.S. 101 [62 S.Ct. 964, 86 L.Ed. 1302]. 368 U.S. at 428, 82 S.Ct. at 471."

■ The readily apparent teaching of *Davis* is that while certain nonconstitutional errors of law are within the coverage of § 2255 not every such error can be raised on a § 2255 motion; in other words, such errors are not to be held fatal on a *per se* basis. The foremost requirement is that there must be an indicated prejudice to the defendant and the claimed error must have been a fundamental defect which *inherently* (emphasis added) results in a miscarriage of justice, presenting exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.

In a case remarkably like the one now before us, in which a special parole term was not even mentioned in the guilty plea proceedings, the Eighth Circuit held that "the evaluation of the error in post-*Davis* § 2255 proceedings will now require that the error be placed in the context of all surrounding legal events and indicated prejudices", *McRae v. United States*, 8 Cir., 1976, 540 F.2d 943, 945. *McRae* was soon followed by *United States v. Ortiz*, 8 Cir., 1976, 545 F.2d 1122, a case in which the prosecuting attorney had informed the defendant of his liability to a special parole term. The *Ortiz* Court, again relying on *Davis*, explained the holding in *McRae*: "[N]oncompliance with the formal requirements of a rule of criminal procedure [does] not permit a collateral review of the conviction in absence of indicated prejudice to the defendant", 545 F.2d at 1123. The allowance of § 2255 relief was reversed.

In a third § 2255 case, *United States v. Anderson*, 8 Cir., 1977, 553 F.2d 1154, the trial court failed during the guilty plea proceedings to inform the defendant of the maximum penalty involved in a guilty plea, but the prosecutor informed him of it and the defendant understood it. Applying *Davis*, relief was denied.

To like effect, see *Bachner v. United States*, 7 Cir., 1975, 517 F.2d 589 (failure to advise defendant of his mandatory parole term did not justify § 2255 relief) and *United States v. Hamilton*, 10 Cir., 1977, 553 F.2d 63.[2]

Within the teachings of the foregoing cases, Howard would not have been entitled to § 2255 relief. He was fully informed of the special parole term; although the words were not spoken by the presiding judge, Howard received the message in the judge's presence. He stated in open court that he understood it. He got rid of four counts of the indictment. The very solicitude shown by the trial judge for an appropriate sentence in view of the defendant's physical malady negates any idea of coercion—quite to the contrary.

We do not think that either *Sierra v. Government of Canal Zone*, 5 Cir., 1977, 546 F.2d 77 or *Coody v. United States*, 5 Cir., 1978, 570 F.2d 540 mandate a different result. Those opinions, as reported, neither discussed nor applied the principles enunciated in *Davis v. United States, supra*, and the other cases herein above discussed.

*Keel v. United States*, 5 Cir., 1978, 572 F.2d 1135, a summary calendar opinion, however, dealt with a collateral attack on a guilty plea received in the absence of complete compliance with Rule 11. Relying on *Government of Canal Zone v. Tobar T.*, 5 Cir., 565 F.2d 1321, another direct appeal decided on the summary calendar, the *Keel* panel held that Rule 11 collateral attacks should be treated the same as direct appeals. The opinion does not mention the decisions hereinabove discussed and is now awaiting review *en banc.*

Assuming that, as the decision of a prior panel, *Keel* is presently binding on us, we nevertheless hold, *for the reasons which follow*, that Howard is not entitled to § 2255 relief.

Rule 11, Fed.R.Crim.Proc., was amended, effective August 1, 1975, and amendments to it are again proposed. *See* 77 F.R.D. 529. Because of the evolution in the text of the rule, and the prophylactic purpose designed to be accomplished by the 1975 amendments, we focus on its text as it stood in 1973, when Howard tendered his guilty plea.

At that time, the pertinent part of Rule 11 read:

> . . . The court . . . shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. . . .

Although the court did not itself explain to Howard the penalties that attended his conviction, it did personally address him with respect to the subject of penalties. These were adequately explained by counsel in the court's presence, and the court, by inquiring whether he had any questions, was, by a different choice of words, inquiring whether the defendant understood the consequences of his plea. Rule 11 did not then require that the court itself explain the penalties to the defendant, only that it personally address him to ensure that he understood them.

Since August 1, 1975, the Rule requires the court to "address the defendant personally in open court and *inform him of*, and determine that he understands . . . the maximum possible penalty provided by law", Rule 11(c), as amended, (emphasis added). Thus, in this respect, and others, the Rule was altered to achieve a prophylactic purpose by imposing a specific didactic duty on the trial judge. *But the amendments are not to be given retroactive effect, Goodwin v. United States*, 5 Cir., 1977, 544 F.2d 826.

---

**2.** As is pointed out in *United States v. Hamilton*, 10 Cir., 1977, 553 F.2d 63, since the *McCarthy* decision, at least four circuits have held that a guilty plea must be set aside when the trial court has failed to advise a defendant of mandatory parole provisions of the narcotics laws. See: *United States v. Yazbeck*, 1 Cir., 1975, 524 F.2d 641; *Ferguson v. United States*, 2 Cir., 1975, 513 F.2d 1011; *United States v. Wolak*, 6 Cir., 1975, 510 F.2d 164; *Roberts v. United States*, 3 Cir., 1974, 491 F.2d 1236. These decisions did not cite *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

When Howard's guilty plea was taken, the proceedings complied with the law of this Circuit, *Monroe v. United States*, 5 Cir., 1972, 463 F.2d 1032; *United States v. Frontero*, 5 Cir., 1971, 452 F.2d 406. It necessarily follows that this belated collateral attack on the Rule 11 proceedings must fail.

### Conclusion

The judgment of the District Court is AFFIRMED.