**Norris EDWARDS, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 76–1730**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1976.

Rehearing and Rehearing En Banc Denied Dec. 3, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Ted Redington, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Robert E. DeLong, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

On August 16, 1971, appellant pled guilty to murder with malice, was found guilty by the court, and was sentenced to not less than two nor more than twenty-five years in the Texas Department of Corrections. After exhaustion of state remedies, appellant filed his petition for habeas corpus in the district court. Following an evidentiary hearing, the district court denied relief. We affirm.

Appellant contends that his trial counsel failed to make an independent investigation of the facts, failed to explain to appellant the law in relation to the facts, and failed to advise appellant of his right to appeal. In respect to guilty pleas, counsel must determine that defendant enters the plea voluntarily and knowingly, and he must assist his client in making this decision. He must explain the law in relation to the facts. *Herring v. Estelle*, 5 Cir. 1974, 491 F.2d 125, 128.

Following an evidentiary hearing, the district court found that the state file, examined by appellant's counsel, contained:

1) a confession by appellant;

2) a confession and statement of his accomplice clearly establishing appellant's guilt;

3) documents showing the accomplice was not appellant's wife;

4) appellant's record of prior convictions indicating at least four final felony convictions;

5) police and autopsy reports showing the existence of substantial physical evidence substantiating appellant's guilt;

6) records tracing the murder weapon to the person whom appellant had sold it shortly after the murder.

The district court properly noted that under the facts as related to counsel by appellant, the only possible defense was self-defense. Because of the countervailing evidence in the state file and appellant's prior record of felony convictions, a jury would have had great difficulty accepting appellant's claim of self-defense. Furthermore, the district court stated in its written decision that

appellant was not a credible witness at the evidentiary hearing. The district court found the advice given to appellant by counsel clearly within the range of competence demanded of attorneys in criminal cases.

The decision of the district court is AFFIRMED.