Samuel J. POLLINZI,
Petitioner–Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent–Appellee.

No. 80–1556
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 16, 1980.

Samuel J. Pollinzi, pro se.

Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Appellant Pollinzi appeals the District Court's denial of § 2254 relief after a post–conviction evidentiary hearing finding against him on claims of a coerced guilty plea and ineffective assistance of counsel. We affirm the District Court on both claims.

Appellant Pollinzi was indicted on two counts of aggravated robbery on August 26, 1974, and for possession of heroin on Sep-

tember 3, 1974. The Court appointed an attorney for him the following day and scheduled trial for September 9, 1974. After being duly admonished, Appellant entered a guilty plea to all charges. Based on his plea, the court found Appellant Pollinzi guilty and pronounced a sentence of concurrent terms—40, 25 and 20 years.

Following his conviction, Appellant Pollinzi perfected an appeal to the Texas Court of Criminal Appeals. On October 6, 1976, in an unpublished per curiam opinion, that court found Pollinzi's appeal frivolous and affirmed.

After three unsuccessful state habeas petitions, Appellant Pollinzi filed a federal habeas application attacking the robbery convictions under 28 U.S.C.A. § 2254 in the United States District Court for the Northern District of Texas, and was again denied relief. On appeal from that denial, this Court in an unpublished opinion vacated and remanded with instructions to the District Court to conduct an evidentiary hearing to determine (i) whether or not the guilty pleas were voluntary and (ii) whether or not Appellant received effective assistance of counsel. *Pollinzi v. Estelle*, 605 F.2d 553 (5th Cir. 1979).

Once again, these same issues are before us from that court's findings, and we must now determine whether or not those findings were "clearly erroneous". 28 U.S.C.A. § 2254(d); F.R.Civ.P. 52; *Fisher v. Wainwright*, 584 F.2d 691 (5th Cir. 1978); *White v. Estelle*, 566 F.2d 500 (5th Cir. 1978); *Bartelt v. U.S.*, 505 F.2d 647 (5th Cir. 1974).

■ At the evidentiary hearing, January 15, 1980, the Magistrate carefully examined Appellant Pollinzi's claim that his guilty plea to the robbery counts was coerced—the result of a prosecutorial threat to increase his prospective sentence by five years for every day that he delayed in making a decision. Based on ample evidence, the court's findings of fact revealed that (i) the prosecuting attorney had not made the alleged threat, (ii) had not communicated with Appellant privately or conducted plea negotiations with anyone other than Appellant's attorney of record,[1] and (iii) had the plea negotiations reduced from the initial 55 year sentence recommendation to 40 years. Moreover, both attorneys announced "ready" on trial day which logically would negate the existence of such a threat. Attorney for Appellant, in addition, testified at the hearing that he had no knowledge of the threat and that his client seemed pleased with the 40 year sentence—half of what his brother received.

■ Evidence obtained at a post–conviction proceeding may serve to supplement the trial transcript and may be used in determining whether a plea was voluntarily made. *McChesney v. Henderson*, 482 F.2d 1101 (5th Cir. 1973); *LeBlanc v. Henderson*, 478 F.2d 481 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). The state trial record and the facts established at the evidentiary hearing provide ample evidence that the plea was voluntarily made. Further, the fact that the Judge chose to believe the testimony of both attorneys at the evidentiary hearing constitutes a credibility choice which will not be disturbed on appeal. *U.S. v. Willis*, 525 F.2d 657, 659 (5th Cir. 1976). We conclude, as the District Court did, that Appellant Pollinzi's claim of a coerced plea is unsupported by the record and without merit.

■ Appellant Pollinzi's second claim of ineffective assistance of counsel is likewise

---

1. Appellant Pollinzi raises a collateral allegation that on the day of trial he was prevented by the prosecution from retaining a private attorney. The prosecutor testified that he had been approached by another attorney, Michael Aaronson, but had refused to discuss the case in light of Aaronson's own assertion that he did not represent Appellant. The District Court's findings reveal that Appellant Pollinzi had met with Aaronson on a prior occasion, but that a client–attorney relationship had not been formalized. Further, Pollinzi never discharged his attorney of record or informed the court of a change in attorneys. Appellant's objection to the Court's refusal to admit Aaronson's letter into evidence other than for impeachment purposes, has no basis. The letter was correctly ruled as hearsay. Fed.R.Evid., 801, 802. We conclude that the record and District Court's findings adequately refute this collateral claim.

unsupported by the evidence. The court's finding of fact on this issue concludes that (i) Appellant's attorney met with Pollinzi and discussed defenses and punishment, (ii) was prepared for trial, (iii) negotiated for a lesser sentence, and (iv) informed Pollinzi that a plea would bar an attack upon the voluntariness of his confession. Overall the court found that Appellant had received adequate representation which exceeded the minimum standards for effective assistance of counsel.

 The Sixth Amendment guarantees Appellant Pollinzi the right to effective assistance of counsel. However, because Appellant Pollinzi pleaded guilty the consideration of what constitutes adequate representation of counsel must be considered within this framework. *Lee v. Hopper*, 499 F.2d 456, 462 (5th Cir.), *cert. denied*, 419 U.S. 1053, 95 S.Ct. 633, 42 L.Ed.2d 650 (1974); *Sierra v. Government of Canal Zone*, 546 F.2d 77 (5th Cir. 1977). Where a defendant pleads guilty, counsel's responsibility is to determine whether the plea is entered voluntarily and knowingly, *Carbo v. U.S.*, 581 F.2d 91, 93 (5th Cir. 1978); *Edwards v. Estelle*, 541 F.2d 1162 (5th Cir. 1976), *cert. denied*, 430 U.S. 973, 97 S.Ct. 1662, 52 L.Ed.2d 367 (1977); *Lamb v. Beto*, 423 F.2d 85 (5th Cir. 1970), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970), to assist his client actually and substantially in deciding whether to plead guilty, *Walker v. Caldwell*, 476 F.2d 213 (5th Cir. 1973), to provide the accused with an understanding of the law in relation to the facts, *McCarthy v. U.S.*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) and to give advice that permits the accused to make an informed and conscious choice, *Colson v. Smith*, 438 F.2d 1075 (5th Cir. 1971). Under these legal standards, it is clear that the District Court could conclude that Pollinzi's attorney fulfilled his responsibility by rendering effective assistance. Thus, this claim is equally without merit.

AFFIRMED.