GODERICH, Judge.
The defendant appeals from the denial of his 3.850 motion. We reverse.
In the instant case, the defendant was serving concurrent sentences[1] for prior cases when he entered a plea of nolo con-tendere and was sentenced for other crimes.[2] Although the defendant’s sentences for the latter cases were to run concurrently, no mention was made of the sentences he was already serving in the prior cases. As such, the sentences in the latter cases ran consecutive to the sentences he was currently serving in the prior cases.
The defendant filed a 3.850 motion to vacate his sentences in the latter cases alleging that his defense counsel failed to advise him that the latter sentences would run consecutive to the sentences he was currently serving in the prior cases. The trial court conducted an evidentiary hearing wherein it made findings that at the time the defendant entered the plea in the latter cases, the defendant knew he was currently serving sentences in the prior cases and that although defense counsel knew that the defendant had priors and that he could receive enhanced sentences in the latter cases, he did not know that the defendant was currently serving sentences in the prior cases. The defendant argued that his defense counsel’s failure to advise him that his sentences would be consecutive constituted ineffective assistance of counsel. The trial court rejected this argument and denied the defendant’s motion to vacate sentence.
On appeal, the defendant argues that his situation is factually similar to Castro v. State, 419 So.2d 796 (Fla. 3d DCA 1982). We agree.
In Castro, the defendant was serving a sentence when he entered into a plea of guilty and was sentenced concurrently for *1189 other crimes. At the time Castro received the plea offer in the latter case, he was represented by an assistant public defender who believed that the sentence in the prior case had a substantial probability of being overturned on appeal and thus that the defendant should wait until the merits of the appeal were determined to enter a plea in the latter case. Thereafter, a new assistant public defender was assigned to the defendant’s case, and the previous assistant public defender did not communicate his concerns about the plea to the new assistant public defender. Although the new assistant public defender knew of the circumstances surrounding the case on appeal, he never questioned the validity of the conviction and advised the defendant to enter into the plea agreement wherein the sentences in the latter cases would run concurrently with the sentences he was currently serving in the prior cases. The defendant entered into this agreement and when the sentence he was currently serving was overturned on appeal, he filed a Rule 3.850 motion alleging ineffective assistance of counsel seeking to vacate his plea in the latter case. The trial court denied the motion, and Castro appealed. This Court applied the principles in Knight v. State, 394 So.2d 997 (Fla.1981), and concluded:
First, there is no dispute that the specific omission upon which the ineffectiveness claim is based was appropriately pleaded. Second, we have little doubt that counsel’s failure to advise Castro that the proposed plea of guilty to avoid an enhanced or consecutive sentence was based on counsel’s uninformed (and ultimately incorrect) assumption about the validity of the prior convictions and that such a failure was “a substantial and serious deficiency measurably below that of competent counsel.”- ... Surely, a bargain for a maximum sentence to run concurrently with convictions that may very well be set aside is hardly a bargain.
[[Image here]]
The third inquiry under Knight v. State, supra, is whether the deficiency in counsel’s conduct is “substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings.” We think the prejudice which results from a plea of guilty based on the erroneous advice of counsel, unlike the prejudice which results from counsel’s conduct at trial, is self-evident.
Castro, 419 So.2d at 797-799 (footnote omitted). For these reasons, this Court vacated Castro’s judgment of conviction, struck his plea of guilty, and afforded him an opportunity to plead anew. Castro, 419 So.2d at 800.
Applying the Knight principles to this case requires the same outcome as in Castro. In the instant case, as in Castro, there is no dispute that the specific omission upon which the ineffectiveness claim is based was appropriately pleaded. Secondly, defense counsel did not know that Tate was currently serving sentences in the prior cases and consequently advised Tate to plead guilty in the latter cases to, avoid an enhanced sentence. Because defense counsel did not know that Tate was currently serving sentences in the prior cases, defense counsel failed to consider the impact of the prior sentences on the latter sentences, namely that Tate’s plea of guilty would result in consecutive sentences. Clearly, this determination required the public defender’s legal analysis of the consequences of the plea and his failure to fully advise Tate of those consequences was “a substantial and serious deficiency measurably below that of competent counsel.” Castro, 419 So.2d at 798 (citing Knight, 394 So.2d at 1001). Thirdly, as this Court has previously held, “prejudice which results from a plea of guilty based on the erroneous advice of counsel ... is self-evident.” Castro, 419 So.2d at 799.
*1190 For these reasons, we reverse, vacate the defendant’s plea of nolo contendere, and afford the defendant an opportunity to plead anew.
Reversed and remanded for further proceedings consistent with this opinion.

. Case nos. 91-42261, 92-3170, and 92-18869.

. Case nos. 92-24145 and 92-24639.